RICHARD MARMARO (Bar No. 91387)
rmarmaro@skadden.com
HARRIET S. POSNER (Bar No. 116097)
hposner@skadden.com
WHITNEY WALTERS (Bar No. 237781)
wwalters@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Tel: (213) 687-5000
Fax: (213) 687-5600

Attorneys for Defendant Gregory L. Reyes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

GREGORY L. REYES, ANTONIO CANOVA, and STEPHANIE JENSEN,

Defendants.

No. C-06-04435-CRB

ANSWER OF DEFENDANT GREGORY L. REYES TO PLAINTIFF'S COMPLAINT

DEMAND FOR JURY TRIAL

Judge: Hon. Charles R. Breyer
Courtroom: 8, 19th Floor

Defendant Gregory L. Reyes, through counsel, answers the Complaint in the above-captioned matter as follows:

1. Mr. Reyes denies each and every allegation in Paragraph 1 of the Complaint. Mr. Reyes specifically denies that he knowingly engaged in a scheme to defraud shareholders by falsifying records relating to employee stock option grants. Mr. Reyes specifically denies that he knowingly and intentionally concealed millions of dollars of expenses from investors, or that he knowingly and intentionally overstated Brocade Communication System, Inc's ("Brocade" or the "Company") income.

2. The first sentence of Paragraph 2 of the Complaint states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2 of the Complaint and, on that basis, the allegations are denied. Mr. Reyes further denies each and every allegation contained in the second sentence of Paragraph 2 of the Complaint. Mr. Reyes specifically denies that he knowingly engaged in a scheme to grant "in-the-money" options by falsifying company records.

3. Paragraph 3 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation in Paragraph 3 of the Complaint.

4. Mr. Reyes specifically denies that he enlisted any persons in a scheme to defraud shareholders by falsifying records relating to employee stock option grants. The remaining allegations contained in Paragraph 4 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and, on that basis, the allegations are denied.

5. The first sentence of Paragraph 5 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies that he violated antifraud provisions of the federal securities laws, falsified books and records, or caused Brocade to falsely report its financial results. The second sentence of Paragraph 5 lists a prayer for relief with no allegations contained therein. Mr. Reyes denies that Plaintiff is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint.

6. The first sentence of Paragraph 6 of the Complaint states legal conclusions as to which no response is required. Mr. Reyes denies the allegations contained in the second sentence of Paragraph 6.

7. Paragraph 7 of the Complaint states legal conclusions as to which no response is required. Mr. Reyes denies the allegations contained in the second sentence of Paragraph 7 but admits that Brocade did business in the Northern District of California, and that he resides in this district.

8. Paragraph 8 of the Complaint states legal conclusions as to which no response is required.

9. Mr. Reyes admits the first sentence of Paragraph 9 of the Complaint. Mr. Reyes admits that he joined Brocade as its president and chief executive officer and became a member of its board of directors in July 1998. Mr. Reyes admits that on or about January 24, 2005, he resigned as CEO and chairman of the board, while he continued as a director until late April 2005 and as an employee of Brocade until he left the Company in July 2005. Mr. Reyes further admits that he has served on the board of directors of Avanex Corporation from late 1999 to approximately 2001, and on the board of directors of Verisign, Inc. from approximately 2001 to 2006. Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that Antonio Canova served as Brocade's chief financial officer and vice president of finance. As to all remaining allegations, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, the allegations are denied.

11. The allegations contained in Paragraph 11 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that Stephanie Jensen served as Brocade's vice president of human resources. As to all remaining allegations, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, the allegations are denied.

12. Mr. Reyes admits the allegations in Paragraph 12 of the Complaint.

13. Mr. Reyes admits that Brocade became a public company in May 1999 and thereafter experienced substantial growth in revenues and in the size of its operation. Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the specific numbers of employees hired. Mr. Reyes further admits that he was concerned with recruiting employees in a competitive market and that he informed Brocade's board of directors in January 2005 that he considered attracting and retaining top talent to be one of the most important aspects of his job as CEO. Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Mr. Reyes admits that, like many companies, Brocade made use of employee stock options to recruit and retain key employees. Mr. Reyes admits that stock options gave employees the right to purchase Brocade stock at a set price, called the exercise price or "strike" price. Mr. Reyes further admits that subject to the vesting of the option, the value of an option could include the extent to which market price of Brocade's stock exceeded the strike price of the option, among other things. Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Mr. Reyes admits that there were generally accepted accounting principles in effect at all relevant times, and rather than respond as to the content of such principles, Mr. Reyes respectfully refers Plaintiff and the Court to the principles themselves. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, on that basis, the allegations are denied.

16. Mr. Reyes admits that Brocade filed with the Commission annual reports on Form 10-K for its fiscal years 2000, 2001, 2002 and 2003 that included audited financial statements, certified by the Company's outside auditors, which documents are the best evidence of their contents. Mr. Reyes admits that Brocade's public filings stated that the audits of the Company's financial statements were conducted in accordance with generally accepted accounting principles, also known as GAAP. Rather than respond as to the content of such principles, Mr. Reyes respectfully refers the Plaintiff and the Court to the principles themselves. To the extent a response to the third sentence of Paragraph 16 is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, the allegations are denied. Mr. Reyes admits that he signed the Forms 10-K for Brocade's fiscal years 2000, 2001, 2002 and 2003, and that he certified the Forms 10-K for fiscal

years 2002 and 2003. The last sentence of Paragraph 16 contains allegations that are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that the Forms 10-K for Brocade's fiscal years 2001, 2002 and 2003 bear the apparent signature of Mr. Canova and that the Forms 10-K for fiscal years 2002 and 2003 contain certifications bearing the apparent signature of Mr. Canova. Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegation that Mr. Canova reviewed these documents. Except as so admitted, Mr. Reyes denies the remaining allegations in Paragraph 16 of the Complaint.

17. Mr. Reyes admits that Brocade filed with the Commission quarterly reports on Form 10-Q for the quarters ended April 26, 2003, July 26, 2003, January 24, 2004, May 1, 2004, and July 31, 2004, which documents are the best evidence of their contents. Mr. Reyes further admits that he signed certifications in the Forms 10-Q for the quarters ended April 26, 2003, July 26, 2003, January 24, 2004, May 1, 2004, and July 31, 2004. Rather than respond as to the content of such documents or certifications, Mr. Reyes respectfully refers the Plaintiff and the Court to the documents and certifications themselves. The last sentence of Paragraph 17 contains allegations that are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that the Forms 10-Q for the quarters ended April 26, 2003, July 26, 2003, January 24, 2004, May 1, 2004, and July 31, 2004 bear the apparent signature and contain the apparent certification of Mr. Canova.

18. Mr. Reyes denies each and every allegation in Paragraph 18 of the Complaint.

19. Mr. Reyes denies each and every allegation in Paragraph 19 of the Complaint.

20. Mr. Reyes admits that Brocade had in place stock option plans, including the 1999 Non-Statutory Stock Option Plan (the "Plan") and further admits that he was delegated the authority as the Administrator of the Plan to grant stock options to employees (other than to certain officers and directors). Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Mr. Reyes admits that during the period beginning no later than 2000 through 2004 and pursuant to the authority that was delegated to him by Brocade's board of directors, Mr. Reyes chose when to grant options to non-officer employees, and occasionally approved how many options to grant. Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 21 of the Complaint.

22. Mr. Reyes admits that the Human Resources Department was responsible for preparing documentation of the options grants to employees. Mr. Reyes further admits that he was provided with documentation (typically including the name of employee, number of options, hire date for new hires, and other information) of options he granted on a given date, and that he signed this documentation regarding option grants memorializing that he had granted options to the specified persons on that date. Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 and, on that basis, the allegations are denied. Mr. Reyes specifically denies that he ever used any stock price history charts retroactively to select the lowest (or nearly the lowest) stock price as the exercise price for any option grants.

24. Mr. Reyes denies each and every allegation in Paragraph 24 of the Complaint that pertains to him. To the extent the allegations contained in Paragraph 24 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 24 and, on that basis, the allegations are denied.

25. Mr. Reyes denies each and every allegation contained in Paragraph 25 of the Complaint that pertains to him. To the extent the allegations in Paragraph 25 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 25 and, on that basis, the allegations are denied.

26. Mr. Reyes denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, the allegations are denied.

28. Mr. Reyes denies the allegation contained in the first sentence of Paragraph 28 of the Complaint. Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 28 and, on that basis, the allegations are denied.

29. Mr. Reyes denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, the allegations are denied.

31. Mr. Reyes denies each and every allegation contained in Paragraph 31 of the Complaint.

32. The allegations contained in Paragraph 32 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, the allegations are denied.

33. The allegations contained in Paragraph 33 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, the allegations are denied.

34. The allegations contained in Paragraph 34 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, the allegations are denied.

35. Mr. Reyes admits that Brocade's auditors provided unqualified audit opinions respecting Brocade's financial statements in connection with their annual reviews of Brocade's financial statements during the relevant period, which documents are the best evidence of their contents. Rather than respond as to the content of such documents, Mr. Reyes respectfully refers the Plaintiff and the Court to the documents themselves. Except as so admitted, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, the allegations are denied.

36. The first sentence of Paragraph 36 of the Complaint states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes denies that Brocade filed and publicly announced materially false and misleading financial results for its fiscal years 2000-2003 and publicly announced materially false and misleading financial results for

fiscal year 2004 based on the false and misleading information recorded in its books and records. The allegations contained in the second sentence of Paragraph 36 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that the Audit Committee of Brocade's board of directors began an internal review related to the issuance and recording of stock options in late 2004. Except as so admitted, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 36 and, on that basis, the allegations are denied.

37. Mr. Reyes admits that Brocade issued a press release on January 24, 2005 announcing the completion of the Audit Committee's internal review, and further admits that Brocade filed a Form 10-K dated January 31, 2005, which documents are the best evidence of their contents. Rather than respond as to the content of such documents, Mr. Reyes respectfully refers the Plaintiff and the Court to the documents themselves.

38. Mr. Reyes admits that the Company filed a Form 8-K dated May 16, 2005 and a Form 10-K/A dated November 14, 2005 regarding a further restatement, which documents are the best evidence of their contents. Rather than respond as to the content of such documents, Mr. Reyes respectfully refers the Plaintiff and the Court to the documents themselves.

39. Mr. Reyes denies the second sentence of Paragraph 39 of the Complaint as it pertains to him. The remaining allegations contained in Paragraph 39 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, the allegations are denied.

40. The allegations contained in Paragraph 40 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 and, on that basis, the allegations are denied.

41. The allegations contained in Paragraph 41 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, the allegations

are denied. Mr. Reyes specifically denies that Mr. Canova spoke with him regarding an options backdating scheme or a purported delay between option grant dates and the dates when the finance department employees received documentation of the grants.

42. The allegations contained in Paragraph 42 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, the allegations are denied.

43. The allegations contained in Paragraph 43 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, the allegations are denied.

44. The allegations contained in Paragraph 44 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 and, on that basis, the allegations are denied.

45. Mr. Reyes denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Mr. Reyes admits that Brocade's board of directors issued a resolution in or about June 2003, which document is the best evidence of its contents. Rather than respond as to the content of this document, Mr. Reyes respectfully refers the Plaintiff and the Court to the document itself. Mr. Reyes further admits that he received option grants as of August 15, 2003 and December 10, 2003. Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Mr. Reyes admits that he received option grants as of April 17, 2001 and October 1, 2001. Except as so admitted, Mr. Reyes denies each and every allegation contained in the first and second sentences of Paragraph 47 of the Complaint. Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 47 and, on that basis, the allegations are denied.

48. Mr. Reyes denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Mr. Reyes denies each and every allegation as to him contained in Paragraph 49 of the Complaint. To the extent the allegations contained in Paragraph 49 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 49 and, on that basis, the allegations are denied.

50. Mr. Reyes admits that he met with Dean Traut briefly as part of the hiring process. Mr. Reyes further admits that he met with Richard Geruson when Mr. Geruson initially interviewed at Brocade. Except as so admitted, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 and, on that basis, the allegations are denied.

51. Mr. Reyes denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Mr. Reyes admits that he interviewed Dan Cudgma at some point, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 52 of the Complaint and, on that basis, the allegations are denied. Mr. Reyes denies the remaining allegations as to him in Paragraph 52 of the Complaint. To the extent the allegations contained in Paragraph 52 are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 52 and, on that basis, the allegations are denied.

53. Mr. Reyes denies each and every allegation as to him contained in Paragraph 53 of the Complaint. To the extent the allegations contained in Paragraph 53 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 53 and, on that basis, the allegations are denied.

54. Paragraph 54 of the Complaint states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes denies each and every allegation in Paragraph 54 of the Complaint.

55. The allegations contained in Paragraph 55 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 and, on that basis, the allegations are denied. Paragraph 55 of the Complaint also states legal conclusions as to which no response is required.

56. Mr. Reyes admits that he signed Brocade's annual reports filed on Forms 10-K for fiscal years 2000, 2001, 2002 and 2003. The second sentence of Paragraph 56 contains allegations that are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that the Forms 10-K for Brocade's fiscal years 2000, 2001, 2002 and 2003 and the Forms 10-Q for the fiscal quarters ended April 28, 2001 through the fiscal quarter ended July 31, 2004 bear the apparent signature of Mr. Canova. Except as so admitted, Mr. Reyes denies the remaining allegations in Paragraph 56 of the Complaint.

57. Mr. Reyes denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Paragraph 58 contains allegations that are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that Brocade filed annual reports on Forms 10-K for the fiscal years 2002 and 2003, and quarterly reports for the quarters ended July 27, 2002 through January 29, 2005, which documents are the best evidence of their contents. Rather than respond as to the content of these documents, Mr. Reyes respectfully refers the Plaintiff and the Court to the document themselves.

59. Mr. Reyes admits that management provided certain letters to Brocade's outside auditors in connection with the review of the Company's financial statements, which documents are the best evidence of their contents. Rather than respond as to the content of the documents listed in Paragraph 59 of the Complaint, Mr. Reyes respectfully refers the Plaintiff and the Court to the document themselves. Mr. Reyes denies that he knowingly made false representations in letters that management had provided to Brocade's outside auditors.

60. Mr. Reyes denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Paragraph 61 contains allegations that are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes admits that management provided certain letters to Brocade's outside auditors in connection with their quarterly reviews of the Company's financial statements, which documents are the best evidence of their contents. Rather than respond as to the content of the documents listed on Exhibit B to Plaintiff's Complaint, Mr. Reyes respectfully refers the Plaintiff and the Court to the document themselves.

62. Paragraph 62 contains allegations that are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 and, on that basis, the allegations are denied.

63. Mr. Reyes denies each and every allegation contained in Paragraph 63 of the Complaint.

64. Mr. Reyes admits that during the period from 2000 though 2004, he received bonuses or stock options, exercised stock options and sold shares of Brocade. Except as so admitted, Mr. Reyes denies each and every allegation contained in Paragraph 64 and specifically denies that he exercised any stock option grants that are at issue in this case.

65. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

66. Paragraph 66 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 66 of the Complaint. To the extent the allegations contained in Paragraph 66 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 66 and, on that basis, the allegations are denied.

67. Paragraph 67 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 67 of the Complaint. To the extent the allegations contained in Paragraph 67 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required.

To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 67 and, on that basis, the allegations are denied.

68. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

69. Paragraph 69 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 69 of the Complaint. To the extent the allegations contained in Paragraph 69 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 69 and, on that basis, the allegations are denied.

70. Paragraph 70 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 70 of the Complaint. To the extent the allegations contained in Paragraph 70 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 70 and, on that basis, the allegations are denied.

71. The allegations contained in Paragraph 71 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. Paragraph 71 of the Complaint also states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 and, on that basis, the allegations are denied.

72. The allegations contained in Paragraph 72 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. Paragraph 72 of the Complaint also states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72 and, on that basis, the allegations are denied.

73. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

74. Paragraph 74 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 74 of the Complaint. To the extent the allegations contained in Paragraph 74 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 74 and, on that basis, the allegations are denied.

75. Paragraph 75 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 75 of the Complaint. To the extent the allegations contained in Paragraph 75 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 75 and, on that basis, the allegations are denied.

76. Paragraph 76 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 76 of the Complaint. To the extent the allegations contained in Paragraph 76 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 76 and, on that basis, the allegations are denied.

77. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

78. Paragraph 78 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 78 of the Complaint, except that Mr. Reyes admits that he was an officer of Brocade from May 1998 through January 2005. To the extent the allegations contained in Paragraph 78 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient

knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 78 and, on that basis, the allegations are denied.

79. Paragraph 79 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 79 of the Complaint, except that Mr. Reyes admits that he was an officer of Brocade from May 1998 through January 2005. To the extent the allegations contained in Paragraph 79 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 79 and, on that basis, the allegations are denied.

80. Paragraph 80 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 80 of the Complaint. To the extent the allegations contained in Paragraph 80 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 80 and, on that basis, the allegations are denied.

81. Mr. Reyes denies each and every allegation as to him in Paragraph 81 of the Complaint. The remaining allegations contained in Paragraph 81 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 and, on that basis, the allegations are denied. Paragraph 81 of the Complaint also states legal conclusions as to which no response is required.

82. Mr. Reyes denies each and every allegation as to him in Paragraph 82 of the Complaint. The remaining allegations contained in Paragraph 82 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 and, on that basis, the allegations are denied. Paragraph 82 of the Complaint also states legal conclusions as to which no response is required.

83. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

84. The allegations contained in Paragraph 84 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. Paragraph 84 of the Complaint also states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84 and, on that basis, the allegations are denied.

85. Paragraph 85 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 85 of the Complaint. To the extent the allegations contained in Paragraph 85 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 85 and, on that basis, the allegations are denied.

86. Paragraph 86 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 86 of the Complaint. To the extent the allegations contained in Paragraph 86 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 86 and, on that basis, the allegations are denied.

87. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

88. Paragraph 88 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 88 of the Complaint. To the extent the allegations contained in Paragraph 88 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 88 and, on that basis, the allegations are denied.

89. Paragraph 89 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 89 of the Complaint. To the extent the allegations contained in Paragraph 89 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 89 and, on that basis, the allegations are denied.

90. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

91. The allegations contained in Paragraph 91 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. Paragraph 91 of the Complaint also states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91 and, on that basis, the allegations are denied.

92. Paragraph 92 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 92 of the Complaint. To the extent the allegations contained in Paragraph 92 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 92 and, on that basis, the allegations are denied.

93. Paragraph 93 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 93 of the Complaint. To the extent the allegations contained in Paragraph 93 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 93 and, on that basis, the allegations are denied.

94. Mr. Reyes incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

95. The allegations contained in Paragraph 95 of the Complaint are directed to parties other than Mr. Reyes and, therefore, no response by Mr. Reyes is required. Paragraph 95 of the Complaint also states legal conclusions as to which no response is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 95 and, on that basis, the allegations are denied.

96. Paragraph 96 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 96 of the Complaint. To the extent the allegations contained in Paragraph 96 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 96 and, on that basis, the allegations are denied.

97. Paragraph 97 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Reyes denies each and every allegation as to him in Paragraph 97 of the Complaint. To the extent the allegations contained in Paragraph 97 of the Complaint are directed to parties other than Mr. Reyes, no response by Mr. Reyes is required. To the extent a response is deemed necessary, Mr. Reyes is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others contained in Paragraph 97 and, on that basis, the allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Mr. Reyes denies that Plaintiff is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint. To the extent Plaintiff's prayer for relief states legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

Mr. Reyes alleges the following affirmative defenses to the allegations set forth in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Scienter)

Mr. Reyes asserts that he is not liable for Plaintiff's claims because he did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentation or the fact of any material omission. Any alleged conduct in this case by Mr. Reyes was without scienter.

**THIRD AFFIRMATIVE DEFENSE**

(Lack of Materiality)

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Materiality as to Financial Statements)

None of the conduct alleged in the Complaint had a material effect on the financial statements of the Company.

**FIFTH AFFIRMATIVE DEFENSE**

(Reliance on Outside Auditors)

Mr. Reyes is not liable for Plaintiff's claims because he relied in good faith upon the professional judgments of Brocade's outside auditors as to matters which he reasonably believed to be within such persons' professional or expert competence.

**SIXTH AFFIRMATIVE DEFENSE**

(Reliance on Legal Professionals)

Mr. Reyes is not liable for Plaintiff's claims because he relied in good faith upon the professional judgments of Brocade's legal professionals as to matters which he reasonably believed to be within such persons' professional or expert competence.

**SEVENTH AFFIRMATIVE DEFENSE**

(Reliance on Others)

Mr. Reyes is not liable for Plaintiff's claims because he relied in good faith upon information, opinions, reports and/or statements prepared or presented by one or more officers or employees of the Company whom Mr. Reyes reasonably believed to be reliable and competent in the matters presented.

**EIGHTH AFFIRMATIVE DEFENSE**

(Good Faith)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Mr. Reyes at all times acted in good faith and with good cause.

**NINTH AFFIRMATIVE DEFENSE**

(Conduct of Third Parties)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because the conduct of parties other than Mr. Reyes proximately caused the alleged harm, if any, complained of in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Plead Fraud with Particularity)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Plaintiff failed to plead the underlying facts with sufficient particularity.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

**TWELFTH AFFIRMATIVE DEFENSE**

(Equitable Doctrines)

Plaintiff's claims are barred under such equitable doctrines as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, and laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Injunctive Relief Not Warranted)

Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Penalties Not Warranted)

Plaintiff's claim for penalties is barred because any alleged violation was isolated and/or unintentional.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

Mr. Reyes hereby adopts and incorporates by reference any and all other affirmative defenses to be asserted by any other defendant in this action to the extent that he may share in such affirmative defense.

By alleging the matters set forth in these defenses, Mr. Reyes does not allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters. Mr. Reyes presently lacks sufficient knowledge or information on which to form a belief as to whether he may have available additional affirmative defenses. For this reason, Mr. Reyes reserves his right to assert affirmative and/or additional defenses in the event that discovery indicates that they would be appropriate.

**JURY DEMAND**

Mr. Reyes hereby requests a trial by jury on all aspects of this case so triable.

WHEREFORE, Mr. Reyes, having fully answered the Complaint, prays that the Court:

1. Dismiss the Complaint with prejudice.
2. Enter judgment in favor of Mr. Reyes and an Order that Plaintiff shall recover nothing.
3. Award Mr. Reyes the costs incurred to defend this action including reasonable attorneys' fees.

DATED: August 14, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Richard Marmaro
Richard Marmaro
Attorneys for Defendant Gregory L. Reyes