KEKER & VAN NEST, LLP
JAN NIELSEN LITTLE - #100029
MICHAEL D. CELIO - #197998
LAURIE CARR MIMS - #241584
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
STEPHANIE JENSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>vs.<br>GREGORY L. REYES, ANTONIO CANOVA, and STEPHANIE JENSEN,<br>Defendants. | Civil Action No. C 06 4435 CRB<br>**DEFENDANT STEPHANIE JENSEN'S ANSWER** |

Defendant Stephanie Jensen ("Jensen"), by and through her counsel of record, hereby answers or otherwise responds to the Securities and Exchange Commission's ("SEC") Complaint as follows. As to any allegation not specifically admitted, Jensen denies the allegation.

Answering the numbered paragraphs of the Complaint:

## SUMMARY OF THE ACTION[1]

1. Jensen denies the allegations in paragraph 1.

2. The first sentence of paragraph 2 states a legal conclusion to which no response is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof. The remaining sentences of the paragraph are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

3. To the extent that the allegations of paragraph 3 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof. To the extent that the allegations of paragraph 3 are directed to Jensen, she denies those allegations.

4. To the extent that the allegations of paragraph 4 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof. To the extent that the allegations of paragraph 4 are directed to Jensen, she denies those allegations.

5. The first sentence of paragraph 5 states a legal conclusion to which no response is required; to the extent that a response is deemed necessary, Jensen denies the allegations. The

[1] The headings in this document are taken from the headings in the Complaint, and are provided for ease of reference only. They are not intended as an admission of any kind; to the contrary, to the extent that they contain allegations requiring a response, they are expressly denied.

second sentence of paragraph 5 lists a prayer for relief to which no response is required; to the extent a response is deemed necessary, Jensen denies the plaintiff is entitled to the relief sought in paragraph 5.

**JURISDICTION AND VENUE**

6. As to the allegations in paragraph 6, Jensen states that the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies them.

7. As to the allegations in paragraph 7, Jensen states that the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies them.

**INTRADISTRICT ASSIGNMENT**

8. As to the allegations in paragraph 8, Jensen states that the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies them.

**DEFENDANTS**

9. Jensen denies the allegations in paragraph 9 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof, except that Jensen understands and believes, and on that basis admits, that Gregory L. Reyes served as the president and chief executive officer of Brocade for various periods of time and served as chairman of the board of directors of Brocade for a period of time.

10. Jensen denies the allegations in paragraph 10 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof, except that Jensen understands and believes, and on that basis admits, that Antonio Canova served as Brocade's chief financial officer and vice president of finance for a period of time.

11. Jensen admits the allegations in paragraph 11 that she served as Brocade's vice president of human resources from October 1999 until February 2004 and worked as a consultant to Brocade from February 2004 until August 2004, when she retired from Brocade. She further

admits that she is a resident of Los Altos, California. Except as expressly admitted, Jensen denies the allegations of paragraph 11.

**RELEVANT ENTITY**

12. Jensen admits the allegations in paragraph 12.

**FACTUAL ALLEGATIONS**

13. Jensen admits that Brocade became a public company in May 1999 and that it experienced growth in revenue and size. Except as expressly admitted, Jensen denies the remaining allegations in paragraph 13 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

14. Jensen admits that Brocade made use of employee stock option to recruit and retain key employees. Jensen further admits that Brocade's employee stock options gave the employee receiving the options the right to purchase shares of Brocade's common stock at a set price that is sometimes known as the "exercise" or "strike" price. Jensen further admits that, as a matter of arithmetic, the employee stock options were valuable only to the extent that the market price for shares of Brocade common stock exceeded the exercise price of the employee stock option. Except as expressly admitted, Jensen denies the remaining allegations in paragraph 14 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

15. Jensen denies the allegations in paragraph 15 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

16. Jensen denies the allegations in paragraph 16 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof, except that Jensen understands and believes, and on that basis admits that Brocade filed certain reports with the United States Securities and Exchange Commission.

17. Jensen denies the allegations contained in paragraph 17 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof, except that Jensen understands and believes, and on that basis admits that Brocade filed certain reports with the United States Securities and Exchange Commission.

18. The allegations contained in paragraph 18 are directed to parties other than Jensen, and no response from Jensen is therefore required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof. To the extent that the allegations in paragraph 18 are deemed to refer to Jensen, she denies them.

19. Jensen denies the allegations contained in paragraph 19 that are directed to her. The remaining allegations contained in paragraph 19 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

20. Jensen denies the allegations contained in paragraph 20 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof, except that she admits that Brocade had in place certain stock option plans.

21. Jensen denies the allegations contained in paragraph 21 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

22. To the extent that the allegations contained in paragraph 22 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof. With respect to the allegations in paragraph 22 that are directed at Jensen, she admits that she was involved in the preparation of the documentation for Brocade's employee stock option grants. Except as expressly admitted, Jensen denies the allegations contained in paragraph 22.

23. To the extent that the allegations contained in paragraph 23 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof. With respect to the allegations in paragraph 23 that are directed at Jensen, she denies the allegations.

24. Jensen denies the allegations in paragraph 24 that are directed to her. To the extent that the allegations of paragraph 24 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

25. Jensen denies the allegations in paragraph 25 that are directed to her. To the extent that the allegations of paragraph 25 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

26. Jensen denies the allegations contained in paragraph 26 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

27. Jensen denies the allegations contained in paragraph 27 on the grounds that she is without knowledge or information sufficient to form a belief as to truth thereof.

28. Jensen denies the allegations in paragraph 28 that are directed to her. To the extent that the allegations of paragraph 28 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

29. Jensen denies the allegations contained in paragraph 29 on the grounds that she is without knowledge or information sufficient to form a belief as to truth thereof.

30. Jensen denies the allegations contained in paragraph 30 on the grounds that she is without knowledge or information sufficient to form a belief as to truth thereof.

31. Jensen denies the allegations contained in paragraph 31 on the grounds that she is without knowledge or information sufficient to form a belief as to truth thereof.

32. Jensen denies the allegations contained in paragraph 32.

33. Jensen denies the allegations in paragraph 33 that are directed to her. To the extent that the allegations of paragraph 33 are directed to parties other than Jensen, no response from

Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

34. Jensen denies the allegations in paragraph 34 that are directed to her. To the extent that the allegations of paragraph 34 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

35. Jensen denies the allegations in paragraph 35 on the grounds that she is without knowledge or information sufficient to form a belief as to truth thereof.

36. Jensen denies the allegations in paragraph 36 on the grounds that she is without knowledge or information sufficient to form a belief as to truth thereof

37. Jensen denies the allegations contained in paragraph 37 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

38. Jensen denies the allegations in paragraph 38 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

39. The allegations of paragraph 39 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 39 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

40. The allegations of the first sentence of paragraph 40 are directed to parties other than Jensen, and therefore no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof. As to the remaining allegations in paragraph 40, Jensen admits that in April 2001 she was copied on an email from a Brocade manager to Mr. Canova which forwarded another message from the manager to a prospective employee; the message from the manager to the prospective employee contained the words quoted in the second sentence of paragraph 40. However those words are quoted selectively and

out of context, and Jensen expressly denies plaintiff's characterization of that message. Jensen further admits that Canova sent her an email about the manager's message that contains the words quoted in the third sentence of paragraph 40; however those words are quoted selectively and out of context, and Jensen expressly denies plaintiff's characterization of that message. Except as expressly admitted, Jensen denies the allegations in paragraph 40.

41. The allegations of paragraph 41 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 41 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

42. Jensen denies the allegations in paragraph 42 that are directed to her. To the extent that the allegations of paragraph 42 are directed to parties other than Jensen, no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

43. The allegations of paragraph 43 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 43 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

44. The allegations of paragraph 44 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 44 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

45. The allegations of paragraph 45 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 45 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

46. The allegations of paragraph 46 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen

denies the allegations contained in paragraph 46 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

47. The allegations of paragraph 47 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 47 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

48. The allegations of paragraph 48 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 48 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

49. Jensen denies the allegations in paragraph 49 that are directed to her. To the extent that the allegations of paragraph 49 are directed to parties other than Jensen, she denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

50. Jensen denies the allegations in paragraph 50 that are directed to her. To the extent that the allegations of paragraph 50 are directed to parties other than Jensen, she denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

51. The allegations of paragraph 51 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 51 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

52. Jensen denies the allegations in paragraph 52 that are directed to her. To the extent that the allegations of paragraph 52 are directed to parties other than Jensen, she denies the allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

53. Jensen denies the allegations in paragraph 53 that are directed to her. To the extent that the allegations of paragraph 53 are directed to parties other than Jensen, she denies the

allegations on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

54. The allegations of paragraph 54 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 54 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

55. Jensen denies the allegations contained in paragraph 55.

56. The allegations of paragraph 56 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 56 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

57. The allegations of paragraph 57 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 57 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

58. The allegations of paragraph 58 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 58 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

59. The allegations of paragraph 59 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 59 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

60. The allegations of paragraph 60 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 60 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

61. The allegations of paragraph 61 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 61 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

62. The allegations of paragraph 62 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 62 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

63. The allegations of paragraph 63 are directed to parties other than Jensen, and no response from Jensen is required; to the extent that a response is deemed necessary, Jensen denies the allegations contained in paragraph 63 on the grounds that she is without knowledge or information sufficient to form a belief as to the truth thereof.

64. Jensen denies the allegations contained in paragraph 64.

**FIRST CLAIM FOR RELIEF**

65. Jensen incorporates by reference her responses to paragraphs 1 through 64 of the Complaint above.

66. As to the allegations contained in paragraph 66, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations contained in paragraph 66 regarding Jensen. As to the allegations contained in paragraph 66 regarding all other parties, Jensen denies the allegations based on information and belief.

67. As to the allegations contained in paragraph 67, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 67 regarding Jensen. As to the allegations contained in paragraph 67 regarding all other parties, Jensen denies the allegations based on information and belief.

**SECOND CLAIM FOR RELIEF**

68. Jensen incorporates by reference her responses to paragraphs 1 through 64 above.

69. As to the allegations contained in paragraph 69, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 69 regarding Jensen. As to the allegations in paragraph 69 regarding all other parties, Jensen denies the allegations based on information and belief.

70. As to the allegations contained in paragraph 70, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 70 regarding Jensen. As to the allegations in paragraph 70 regarding all other parties, Jensen denies the allegations based on information and belief.

71. As to the allegations contained in paragraph 71, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 71 regarding Jensen. As to the allegations in paragraph 71 regarding all other parties, Jensen denies the allegations based on information and belief.

72. As to the allegations contained in paragraph 72, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 72 regarding Jensen. As to the allegations in paragraph 72 regarding all other parties, Jensen denies the allegations based on information and belief.

## THIRD CLAIM FOR RELIEF

73. Jensen incorporates by reference her responses to paragraphs 1 through 64 above.

74. As to the allegations contained in paragraph 74, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 74 regarding Jensen. As to the allegations in paragraph 74 regarding all other parties, Jensen denies the allegations based on information and belief.

75. As to the allegations contained in paragraph 75, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 75 regarding Jensen. As to the allegations in paragraph 75 regarding all other parties, Jensen denies the allegations based on information and belief.

76. As to the allegations contained in paragraph 76, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 76 regarding Jensen. As to the allegations in paragraph 76 regarding all other parties, Jensen denies the allegations based on information and belief.

## FOURTH CLAIM FOR RELIEF

77. Jensen incorporates by reference her responses to paragraphs 1 through 64 above.

78. As to the allegations contained in paragraph 78, Jensen asserts the allegations are legal conclusions to which no response is required. As to the allegations in paragraph 78 regarding all other parties, Jensen denies the allegations based on information and belief.

79. As to the allegations contained in paragraph 79, Jensen asserts the allegations are legal conclusions to which no response is required. As to the allegations in paragraph 79 regarding all other parties, Jensen denies the allegations based on information and belief.

80. As to the allegations contained in paragraph 80, Jensen asserts the allegations are legal conclusions to which no response is required. As to the allegations in paragraph 80 regarding all other parties, Jensen denies the allegations based on information and belief.

81. As to the allegations contained in paragraph 81, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 81 regarding Jensen. As to the allegations in paragraph 81 regarding all other parties, Jensen denies the allegations based on information and belief.

82. As to the allegations contained in paragraph 82, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to

be factual allegations, Jensen denies the allegations in paragraph 82 regarding Jensen. As to the allegations in paragraph 82 regarding all other parties, Jensen denies the allegations based on information and belief.

**FIFTH CLAIM FOR RELIEF**

83. Jensen incorporates by reference her responses paragraphs 1 through 64 above.

84. As to the allegations contained in paragraph 84, Jensen asserts the allegations are legal conclusions to which no response is required. As to the allegations in paragraph 84 regarding all other parties, Jensen denies the allegations based on information and belief.

85. As to the allegations contained in paragraph 85, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 85 regarding Jensen. As to the allegations in paragraph 85 regarding all other parties, Jensen denies the allegations based on information and belief.

86. As to the allegations contained in paragraph 86, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 86 regarding Jensen. As to the allegations in paragraph 86 regarding all other parties, Jensen denies the allegations based on information and belief.

**SIXTH CLAIM FOR RELIEF**

87. Jensen incorporates by reference her responses to paragraphs 1 through 64 above.

88. As to the allegations contained in paragraph 88, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 88 regarding Jensen. As to the allegations in paragraph 88 regarding all other parties, Jensen denies the allegations based on information and belief.

89. As to the allegations contained in paragraph 89, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 89 regarding Jensen. As to the

allegations in paragraph 89 regarding all other parties, Jensen denies the allegations based on information and belief.

**SEVENTH CLAIM FOR RELIEF**

90. Jensen incorporates by reference her responses to paragraphs 1 through 64 above.

91. As to the allegations contained in paragraph 91, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 91 regarding Jensen. As to the allegations in paragraph 91 regarding all other parties, Jensen denies the allegations based on information and belief.

92. As to the allegations contained in paragraph 92, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 92 regarding Jensen. As to the allegations in paragraph 92 regarding all other parties, Jensen denies the allegations based on information and belief.

93. As to the allegations contained in paragraph 93, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 93 regarding Jensen. As to the allegations in paragraph 93 regarding all other parties, Jensen denies the allegations based on information and belief.

**EIGHTH CLAIM FOR RELIEF**

94. Jensen incorporates by reference his responses to paragraphs 1 through 64 above.

95. As to the allegations contained in paragraph 95, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 95 regarding Jensen. As to the allegations in paragraph 95 regarding all other parties, Jensen denies the allegations based on information and belief.

96. As to the allegations contained in paragraph 96, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to

be factual allegations, Jensen denies the allegations in paragraph 96 regarding Jensen. As to the allegations in paragraph 96 regarding all other parties, Jensen denies the allegations based on information and belief.

97. As to the allegations contained in paragraph 97, Jensen asserts the allegations are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Jensen denies the allegations in paragraph 97 regarding Jensen. As to the allegations in paragraph 97 regarding all other parties, Jensen denies the allegations based on information and belief.

## AFFIRMATIVE DEFENSES

Defendant Jensen asserts the following affirmative defenses. To the extent any of the defenses, in whole or in part, serve merely to negate an element of the plaintiff's cause of action, defendant Jensen in no way seeks to relieve the plaintiff of its burden of proof or persuasion on that element.

**First Affirmative Defense:**

As a first affirmative defense, Jensen asserts that she is not liable because she did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentation or the fact of any material omission.

**Second Affirmative Defense:**

As a second affirmative defense, Jensen asserts that any harm claimed was not actually and proximately caused by any act or acts of Jensen's but was instead caused by the acts of others, including third parties.

**Third Affirmative Defense:**

As a third affirmative defense, Jensen asserts that she is not liable for Plaintiff's claims because she acted at all times in good faith, with reasonable care and/or with due diligence in carrying out her responsibilities and did not directly or indirectly induce any acts that could constitute a cause of action. She did not know, and in the exercise of reasonable care could not have known, of any facts by reason of which liability could be alleged to exist.

**Fourth Affirmative Defense:**

As a fourth affirmative defense, Jensen asserts that she is not liable for Plaintiff's claims because she relied on the advice of professionals, including but not limited to, attorneys, accountants, and financial professionals.

**Fifth Affirmative Defense:**

As a fifth affirmative defense, Jensen asserts that asserts that she is not liable for any harm or violation alleged in the Complaint because she acted at all times in good faith and in conformity with the rules, regulations, orders, and/or interpretations of the Commission applicable at the relevant time.

**Sixth Affirmative Defense:**

As a sixth affirmative defense, Jensen asserts that Plaintiff's claims are barred under such equitable doctrines as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, and laches.

**Seventh Affirmative Defense:**

As a seventh affirmative defense, Jensen asserts that Plaintiff's claims are barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

**Eighth Affirmative Defense:**

As an eighth affirmative defense, Jensen asserts that Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated.

**Ninth Affirmative Defense:**

As a ninth affirmative defense, Jensen asserts that Plaintiff's claim for injunctive relief is barred because she acted in good faith and/or acted on the reliance of professionals, including but not limited to, attorneys, accountants, financial professionals and investment bankers, and thus did not have the motive required for injunctive relief.

**Tenth Affirmative Defense:**

As a tenth affirmative defense, Jensen asserts that Plaintiff's claim for penalties is barred because any alleged violation was isolated and/or unintentional.

**Eleventh Affirmative Defense:**

As an eleventh affirmative defense, Jensen asserts that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Twelfth Affirmative Defense**:

As a twelfth affirmative defense, Jensen adopts and incorporates by reference each and every affirmative defense asserted by each and every other party that is not made explicitly herein.

**PRAYER**

WHEREFORE, Defendant Jensen prays that judgment in her favor be entered as follows:

1. that the Plaintiff take nothing by reason of its complaint and that judgment be rendered in favor of Defendant;

2. that Defendant be awarded expenses incurred in defense of this action, and

3. that Defendant be granted such other and further relief as the court deems appropriate.

**JURY DEMAND**

Defendant Jensen requests a trial by jury on all aspects of this case so triable.

Respectfully submitted,

Dated: August 14, 2006. KEKER & VAN NEST, LLP

By: /s/ Michael D. Celio
MICHAEL D. CELIO
Attorneys for Defendant
STEPHANIE JENSEN