NORMAN J. BLEARS (Bar No. 95600)
MEGAN DIXON (Bar No. 162895)
ALEXANDER M. R. LYON (Bar No. 211274)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: +1.650.324.7000
Facsimile: +1.650.324.0638

Attorneys for Defendant
ANTONIO CANOVA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY L. REYES, ANTONIO CANOVA, and STEPHANIE JENSEN,<br><br>Defendants. | Civil Action No.: C-06-4435 CRB<br><br>**ANSWER OF DEFENDANT ANTONIO CANOVA TO PLAINTIFF'S COMPLAINT** |

Defendant Antonio Canova, through counsel, answers the Complaint in the above-captioned matter as follows:

1. Mr. Canova denies each and every allegation of paragraph 1 of the Complaint to the extent it relates to Mr. Canova. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 1 and on that basis denies them.

2. The first sentence of paragraph 2 of the Complaint states legal conclusions as to which no response is required. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 2 and on that basis denies them.

3. Mr. Canova denies each and every allegation of paragraph 3 of the Complaint to the extent it relates to Mr. Canova. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 3 and on that basis denies them.

4. Mr. Canova lacks sufficient information to form a belief as to the allegations of the first sentence of paragraph 4 of the Complaint and on that basis denies them. Mr. Canova denies the allegations in the second sentence of paragraph 4.

5. The first sentence of paragraph 5 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies that he violated antifraud provisions of the federal securities laws, falsified books and records, or caused Brocade to falsely report its financial results. The second sentence of paragraph 5 lists a prayer for relief with no allegations contained therein. Mr. Canova denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint.

## JURISDICTION AND VENUE[1]

6. The first sentence of paragraph 6 of the Complaint states legal conclusions as to which no response is required. Mr. Canova denies the allegations contained in the second sentence of paragraph 6.

7. Paragraph 7 of the Complaint states legal conclusions as to which no response is required. Mr. Canova denies the allegations contained in the second sentence of paragraph 7 but admits that Brocade did business in the Northern District of California, and that he resides in this district.

## INTRADISTRICT ASSIGNMENT

8. Paragraph 8 of the Complaint states legal conclusions as to which no response is required.

## DEFENDANTS

9. Mr. Canova admits that, for some period, Mr. Reyes served as Brocade's

[1] The headings in this document are taken from the headings in the Complaint and are provided for ease of reference only. They are not intended as an admission of any kind.

president and CEO and was a member of the company's board of directors. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 9 of the Complaint and on that basis denies them.

10. Mr. Canova admits the allegations of paragraph 10 of the Complaint.

11. Mr. Canova admits that, for some period, Ms. Jensen served as Brocade's vice president of human resources. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 11 of the Complaint and on that basis denies them.

## RELEVANT ENTITY

12. Mr. Canova admits the allegations of Paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS

### A. Reyes Caused Brocade to Misrepresent the Company's Employee Stock Option Program.

13. Mr. Canova admits that Brocade became a public company in May 1999 and thereafter experienced substantial growth in revenues and in the size of its operation. Mr. Canova further admits that Mr. Reyes was concerned with recruiting employees in a competitive market. Except as expressly admitted, Mr. Canova lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint and on that basis denies them.

14. Mr. Canova admits that Brocade made use of employee stock options to recruit and retain key employees. Mr. Canova admits that stock options gave employees the right to purchase Brocade stock at a set price, called the exercise price or "strike" price. Mr. Canova further admits that subject to the vesting of the option, the value of an option could include the extent to which the market price of Brocade's stock exceeded the strike price of the option, among other things. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 14 of the Complaint.

15. Mr. Canova admits that paragraph 15 of the Complaint states some of the generally accepted accounting principles ("GAAP") relating to accounting for stock options during the period from 1999 to 2004. Except as expressly admitted, Mr. Canova denies the

allegations of paragraph 15.

16. Mr. Canova admits that Brocade filed annual reports with the Securities and Exchange Commission that included audited financial statements certified by the Company's outside auditors. Those reports speak for themselves, and Mr. Canova refers Plaintiff and the Court to those annual reports for their contents. Mr. Canova admits that he reviewed and signed the Forms 10-K for Brocade's fiscal years 2001, 2002 and 2003, and that he certified the Forms 10-K for fiscal years 2002 and 2003. Mr. Canova admits that Mr. Reyes appears to have signed the Forms 10-K for Brocade's fiscal years 2000, 2001, 2002 and 2003, and that he appears to have certified the Forms 10-K for fiscal years 2002 and 2003. Mr. Canova denies that he made any false representations in the Brocade Forms 10-K that he signed and/or certified. Mr. Canova denies the third sentence of paragraph 16 to the extent that it represents an oversimplification of the GAAP applicable to stock options. Except as expressly admitted, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 16 and on that basis denies them.

17. Mr. Canova admits that Brocade filed quarterly reports on Form 10-Q with the Securities and Exchange Commission for the quarters ended April 26, 2003, July 26, 2003, January 24, 2004, May 1, 2004, and July 31, 2004. Those reports speak for themselves, and Mr. Canova refers Plaintiff and the Court to those quarterly reports for their contents. Mr. Canova admits that he signed certifications and that Mr. Reyes appears to have signed certifications in the Forms 10-Q for the quarters ended April 26, 2003, July 26, 2003, January 24, 2004, May 1, 2004, and July 31, 2004. Mr. Canova denies that he made any false representations in the Brocade Forms 10-Q that he signed and/or certified. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 17 of the Complaint.

18. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 18 of the Complaint and on that basis denies them.

19. Mr. Canova denies the allegations of paragraph 19 of the Complaint to the extent they relate to Mr. Canova. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 19 and on that basis denies them.

**B. Reyes' Scheme to Backdate Option Grants.**

20. Mr. Canova admits that Brocade had in place stock option plans and that under some circumstances Mr. Reyes was delegated authority to grant stock options to employees other than certain officers and directors. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 20 of the Complaint.

21. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 21 of the Complaint and on that basis denies them.

22. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 22 of the Complaint and on that basis denies them.

23. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 23 of the Complaint and on that basis denies them.

24. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 24 of the Complaint and on that basis denies them.

25. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 25 of the Complaint and on that basis denies them.

26. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 26 of the Complaint and on that basis denies them.

27. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 27 of the Complaint and on that basis denies them.

28. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 28 of the Complaint and on that basis denies them.

29. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 29 of the Complaint and on that basis denies them.

30. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 30 of the Complaint and on that basis denies them.

**C. Reyes' Backdating Scheme Caused Brocade to Falsely Report Financial Results.**

31. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 31 of the Complaint and on that basis denies them.

32. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 32 of the Complaint and on that basis denies them.

33. Mr. Canova admits that from 2000 through 2004 Brocade's finance department recorded stock option grants into the Company's books and records and incorporated stock option grants into the Company's financial statements based at least in part on information from the human resources department and Compensation Committee Meeting minutes. Except as expressly admitted, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 33 of the Complaint and on that basis denies them.

34. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 34 of the Complaint and on that basis denies them.

35. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 35 of the Complaint and on that basis denies them.

36. Mr. Canova admits that late in 2004, the Audit Committee of Brocade's board of directors began to investigate allegations by a former employee who claimed to have been issued back-dated options. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 36 of the Complaint.

37. Mr. Canova admits that Brocade issued a press release on January 24, 2005 announcing the completion of the Audit Committee's internal review and that Brocade filed a Form 10-K dated January 31, 2005. Those documents speak for themselves, and Mr. Canova refers Plaintiff and the Court to the documents for their contents. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 37 of the Complaint.

38. Mr. Canova admits that the Company filed a Form 8-K dated May 16, 2005 and a Form 10-K/A dated November 14, 2005 regarding a further restatement. Those documents speak for themselves, and Mr. Canova refers Plaintiff and the Court to the documents for their contents. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 38 of the Complaint.

**D. Canova Enabled The Backdating Scheme to Continue Undetected**

39. Mr. Canova admits that at the time he joined Brocade in late 2000 he was a CPA and that he was aware of some of the accounting rules applicable to stock option accounting, including the requirement that, under some circumstances, a public company record an expense for "in-the-money" options granted to employees. Mr. Canova admits that while at Brocade he had occasion to discuss some of the accounting rules related to stock options with the company's external auditors and with persons at Brocade. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 39 of the Complaint.

40. Mr. Canova admits that in April 2001 he received an email from a Brocade manager that contained the words quoted in the second sentence of paragraph 40 of the Complaint and that he sent Jensen an email that contained the words quoted in the third sentence of paragraph 40. However, Plaintiff has quoted those words selectively and out of context, and Mr. Canova denies Plaintiff's characterization of both emails. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 40.

41. Mr. Canova admits that at various times, he and Brocade's controller discussed the controller's concerns regarding the timeliness of the receipt of paperwork from the human resources department. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 41 of the Complaint.

42. Mr. Canova admits that in October 2002 he received an email containing the words quoted in the second sentence of paragraph 42 of the Complaint. However, Plaintiff has quoted those words selectively and out of context, and Mr. Canova denies Plaintiff's characterization of the email. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 42 of the Complaint.

43. Mr. Canova denies the allegations of paragraph 43 of the Complaint.

44. Mr. Canova denies the allegations of paragraph 44 of the Complaint.

**E. Reyes Was Motivated by Personal Gain and Competitive Advantages to Backdate Options**

***Reyes Himself Received Backdated Options***

45. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 45 of the Complaint and on that basis denies them.

46. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 46 of the Complaint and on that basis denies them.

47. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 47 of the Complaint and on that basis denies them.

***Reyes Backdated Options Grants to Dates Predating Key Employees' Start Dates***

48. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 48 of the Complaint and on that basis denies them.

49. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 49 of the Complaint and on that basis denies them.

50. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 50 of the Complaint and on that basis denies them.

***Reyes Changes Grants to Ensure Value for Employees While Hiding Expense***

51. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 51 of the Complaint and on that basis denies them.

52. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 52 of the Complaint and on that basis denies them.

53. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 53 of the Complaint and on that basis denies them.

54. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 54 of the Complaint and on that basis denies them.

55. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 55 of the Complaint and on that basis denies them.

**F. Reyes and Canova Falsely Certified Brocade's Financials, Misrepresenting Their Accuracy**

56. Mr. Canova admits that he signed Brocade's annual reports filed on Forms 10-K for the fiscal years 2001, 2002 and 2003 and that he signed the 11 quarterly reports

filed on Form 10-Q for the fiscal quarter ended April 28, 2001 through the fiscal quarter ended July 31, 2004. Mr. Canova admits that Brocade's annual reports filed on Forms 10-K for fiscal years 2000, 2001, 2002 and 2003 appear to bear the signature of Mr. Reyes. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 56 of the Complaint.

57. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 57 of the Complaint and on that basis denies them.

58. Mr. Canova admits that he signed certifications in connection with Brocade's Forms 10-K for fiscal years 2002 and 2003 and in connection with Brocade's Forms 10-Q for the fiscal quarter ending July 27, 2002 through the fiscal quarter ending July 31, 2004. Those certifications speak for themselves, and Mr. Canova refers Plaintiff and the Court to those certifications for their contents. Mr. Canova admits that he signed certifications in connection with Brocade's Forms 10-Q for fiscal quarters ending January 25, 2003 through the fiscal quarter ending January 29, 2005. Those certifications speak for themselves, and Mr. Canova refers Plaintiff and the Court to those certifications for their contents. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 58 of the Complaint.

59. Mr. Canova admits that Brocade's management provided certain letters to the Company's outside auditors in connection with their audits of Brocade's financial statements. Those letters speak for themselves, and Mr. Canova refers Plaintiff and the Court to those letters for their contents. Except as expressly admitted, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 59 of the Complaint and on that basis denies them.

60. Mr. Canova admits that Brocade's management provided certain letters to the Company's outside auditors in connection with their quarterly reviews of Brocade's financial statements. Those letters speak for themselves, and Mr. Canova refers Plaintiff and the Court to those letters for their contents. Except as expressly admitted, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 60 of the Complaint and on that basis denies them.

61. Mr. Canova admits that Brocade's management provided certain letters to the Company's outside auditors in connection with their audits of Brocade's financial statements. Those letters speak for themselves, and Mr. Canova refers Plaintiff and the Court to those letters for their contents. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 61 of the Complaint.

62. Mr. Canova admits that Brocade's management provided certain letters to the Company's outside auditors in connection with their quarterly reviews of Brocade's financial statements. Those letters speak for themselves, and Mr. Canova refers Plaintiff and the Court to those letters for their contents. Except as expressly admitted, Mr. Canova denies the allegations of paragraph 62 of the Complaint.

63. Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 63 of the Complaint and on that basis denies them.

**E. Reyes Was Motivated by Personal Gain and Competitive Advantages to Backdate Options**

64. Mr. Canova denies the allegations of paragraph 64 of the Complaint to the extent they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 64 and on that basis denies them.

**FIRST CLAIM FOR RELIEF**

*Violations of Section 17(a) of the Securities Act by All Defendants*

65. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

66. Paragraph 66 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 66 and on that basis denies them.

67. Paragraph 67 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a

belief as to the remaining allegations of paragraph 67 and on that basis denies them.

**SECOND CLAIM FOR RELIEF**

*Violations of Section 10(b) of the Exchange Act and*
*Rule 10b-5 Thereunder by All Defendants*

68. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

69. Paragraph 69 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 69 and on that basis denies them.

70. Paragraph 70 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 70 and on that basis denies them.

71. Paragraph 71 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 71 and on that basis denies them.

72. Paragraph 72 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 72 and on that basis denies them.

**THIRD CLAIM FOR RELIEF**

*Violations of Section 13(b)(5) of the Exchange Act*
*and Rule 13b2-1 Thereunder by All Defendants*

73. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

74. Paragraph 74 of the Complaint states legal conclusions as to which no

response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 74 and on that basis denies them.

75. Paragraph 75 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 75 and on that basis denies them.

76. Paragraph 76 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 76 and on that basis denies them.

## FOURTH CLAIM FOR RELIEF

*Violations of Exchange Act Rule 13b2-2 by All Defendants*

77. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

78. Paragraph 78 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 78 and on that basis denies them.

79. Paragraph 79 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 79 and on that basis denies them.

80. Paragraph 80 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 80 and on that basis denies them.

81. Paragraph 81 of the Complaint states legal conclusions as to which no

response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 81 and on that basis denies them.

82. Paragraph 82 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 82 and on that basis denies them.

## FIFTH CLAIM FOR RELIEF

*Aiding and Abetting Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 Thereunder by All Defendants*

83. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

84. Paragraph 84 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 84 and on that basis denies them.

85. Paragraph 85 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 85 and on that basis denies them.

86. Paragraph 86 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 86 and on that basis denies them.

## SIXTH CLAIM FOR RELIEF

*Violations of Rule 13a-14 under the Exchange Act by Reyes and Canova*

87. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

88. Paragraph 88 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 88 and on that basis denies them.

89. Paragraph 89 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 89 and on that basis denies them.

## SEVENTH CLAIM FOR RELIEF

*Aiding and Abetting Violations of Section 13(b)(2)(A)*
*of the Exchange Act by All Defendants*

90. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

91. Paragraph 91 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 91 and on that basis denies them.

92. Paragraph 92 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 92 and on that basis denies them.

93. Paragraph 93 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 93 and on that basis denies them.

**EIGHTH CLAIM FOR RELIEF**

*Aiding and Abetting Violations of Section 13(b)(2)(B) of the Exchange Act by All Defendants*

94. Mr. Canova incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

95. Paragraph 95 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova lacks sufficient information to form a belief as to the allegations of paragraph 95 and on that basis denies them.

96. Paragraph 96 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 96 and on that basis denies them.

97. Paragraph 97 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Mr. Canova denies the allegations insofar as they relate to him. Mr. Canova lacks sufficient information to form a belief as to the remaining allegations of paragraph 97 and on that basis denies them.

**PLAINTIFF'S PRAYER FOR RELIEF**

Mr. Canova denies that Plaintiff is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint. To the extent Plaintiff's prayer for relief states legal conclusions, no response is required.

**AFFIRMATIVE DEFENSES**

Mr. Canova alleges the following affirmative defenses to the allegations set forth in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Scienter)

Mr. Canova asserts that he is not liable for Plaintiff's claims because he did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentation or the fact of any material omission. Any alleged conduct in this case by Mr. Canova was without scienter.

**THIRD AFFIRMATIVE DEFENSE**

(Lack of Materiality)

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Materiality as to Financial Statements)

None of the conduct alleged in the Complaint had a material effect on the financial statements of the Company.

**FIFTH AFFIRMATIVE DEFENSE**

(Reliance on Outside Auditors)

Mr. Canova is not liable for Plaintiff's claims because he relied in good faith upon the professional judgments of Brocade's outside auditors at the time of the alleged acts as to matters which he reasonably believed to be within such persons' professional or expert competence.

**SIXTH AFFIRMATIVE DEFENSE**

(Reliance on Legal Professionals)

Mr. Canova is not liable for Plaintiff's claims because he relied in good faith upon the professional judgments of Brocade's legal professionals at the time of the alleged acts (including, but not limited to, Brocade's general counsel and internal legal staff as well as outside lawyers at Wilson, Sonsini, Goodrich & Rosati LLP) as to matters which he reasonably believed to be within such persons' professional or expert competence.

**SEVENTH AFFIRMATIVE DEFENSE**

(Good Faith)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Mr. Canova at all times acted in good faith and with good cause.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Plead Fraud with Particularity)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Plaintiff failed to plead the underlying facts with sufficient particularity.

**NINTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

**TENTH AFFIRMATIVE DEFENSE**

(Injunctive Relief Not Warranted)

Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Penalties Not Warranted)

Plaintiff's claim for penalties is barred because any alleged violation was isolated and/or unintentional.

By alleging the matters set forth in these defenses, Mr. Canova does not allege or admit that he has the burden of proof and/or persuasion with respect to any of these matters. Mr. Canova presently lacks sufficient knowledge or information on which to form a belief as to whether he may have available additional affirmative defenses. For this reason, Mr. Canova reserves his right to assert affirmative and/or additional defenses in the event that discovery indicates that they would be appropriate.

**JURY DEMAND**

Mr. Canova hereby requests a trial by jury on all aspects of this case so triable.

WHEREFORE, Mr. Canova, having fully answered the Complaint, prays that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment in favor of Mr. Canova and an Order that Plaintiff shall recover nothing; and

3. Award Mr. Canova the costs incurred to defend this action including reasonable attorneys' fees.

November 15, 2006

Respectfully submitted,
HELLER EHRMAN LLP

By /s/ Alexander M.R. Lyon
ALEXANDER M.R. LYON

HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
Facsimile: (650) 324-0638

Attorneys for Defendant
ANTONIO CANOVA