1  MICHAEL D. TORPEY (State Bar No. 79424)
   mtorpey@orrick.com
2  WALTER F. BROWN, JR. (State Bar No. 130248)
   wbrown@orrick.com
3  AMY M. ROSS (State Bar No. 215692)
   aross@orrick.com
4  RUTH KWON (State Bar No. 232569)
   rkwon@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA 94105
7  Telephone: (415) 773-5700
   Facsimile: (415) 773-5759
8

9  Attorneys for Third Parties
   Stephen Beyer, Robert Bossi, Carlino Cecilio,
10 Mark Cochran, Liza Cuevas, Colleen Devine,
   Margie Lee, Robert Morris, Heidi Rado, Theresa
11 Uchida, Bonnie Adamson-Smith, Grace Ward,
   and June Weaver
12

13                 UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17 SECURITIES AND EXCHANGE           )   CASE NO.:  C 06-04435 CRB
   COMMISSION,                       )
18                                   )   [PROPOSED] STIPULATED
              Plaintiff,             )   CONFIDENTIALITY ORDER
19                                   )
         v.                          )
20                                   )
   GREGORY L. REYES, STEPHANIE JENSEN)
21 and ANTONIO CANOVA,               )
                                     )
22            Defendants.            )
                                     )
23 _____)

24

25

26

27

28

1    In order to protect the confidentiality of confidential information subpoenaed by
2  defendant Gregory L. Reyes in this case, third party individuals represented by Orrick,
3  Herrington & Sutcliffe, LLP, including current and former Brocade Communication Systems,
4  Inc. ("Brocade") employees Stephen Beyer, Robert Bossi, Carlino Cecilio, Mark Cochran, Liza
5  Cuevas, Colleen Devine, Margie Lee, Robert Morris, Heidi Rado, Theresa Uchida, Bonnie
6  Adamson-Smith, Grace Ward and June Weaver, together with any other current or former
7  Brocade employee of Brocade who is or may in the future be represented by Orrick Herrington
8  & Sutcliffe in connection with this matter (the "Orrick Clients") and defendant Gregory L. Reyes
9  hereby agree as follows:

10    1.    The Orrick Clients, or at the request of the Orrick Clients, Brocade may designate
11  as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document
12  or response to a subpoena which it considers in good faith to: (i) contain information involving
13  trade secrets, or confidential business or financial information, subject to protection under the
14  Federal Rules of Civil Procedure or California law; or (ii) contain confidential information of a
15  person that is protected by a right of privacy under applicable law.  Where a document or
16  response consists of more than one page, the first page and each page on which confidential
17  information appears shall be so designated.

18    2.    The Orrick Clients or at the request of the Orrick Clients, Brocade, may designate
19  information disclosed during a deposition as "confidential" by so indicating on the record at the
20  deposition and requesting the preparation of a separate transcript of such material.  Additionally,
21  the Orrick Clients, or at the request of the Orrick Clients Brocade, may designate in writing,
22  within twenty (20) days after receipt of the deposition transcript for which the designation is
23  proposed, that specific pages of the transcript be treated as "confidential" information.  Any party
24  may object to such proposal, in writing or on the record.  Upon such objection, the procedures
25  described in paragraph 7 below shall be followed.  After any designation made according to the
26  procedure set forth in this paragraph, the designated documents or information shall be treated
27  according to the designation until the matter is resolved according to the procedures described in
28  paragraph 7 below.

3. All information produced by the Orrick Clients to defendant Gregory L. Reyes in the course of this case (other than information that is publicly available) shall be used solely for the purpose of this case and any related criminal or civil proceedings currently pending.

4. Except with the prior written consent of the Orrick Clients, or upon prior order of this Court obtained upon notice to the Orrick Clients, anything designated as confidential pursuant to the terms of this Order ("Confidential Information") shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation who have agreed to be bound by the terms of this Order, including defendants' counsel and counsel for the Securities and Exchange Commission;

    (b) employees of such counsel;

    (c) individual defendants, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection during the pendency or after the termination of the action upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by one of Brocade Communications Systems, Inc's competitors or customers, the party shall notify the Orrick Clients and Brocade Communications Systems, Inc. before disclosing any Confidential Information to that individual and shall give the Orrick Clients and Brocade Communications Systems, Inc. an opportunity to move for a protective order preventing or limiting such disclosure;

    (e) any authors or recipients of the Confidential Information;

1   (f)   the Court, Court personnel and court reporters; and

2   (g)   witnesses, at deposition and/or trial, only to the extent necessary to give their testimony. At the request of any party, the portion of the transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.  Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.  Consistent with Local Rule 79-5, for applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

In the event that the Clerk's Office refuses to accept a document filed under seal, the filing party shall, not later than the next business day, file a notice indicating which documents the party attempted to file. The filing party shall also serve a copy of the rejected filing by overnight mail on the Orrick Clients, and Brocade, if the designated material has been so designated by Brocade at the request of the Orrick Clients. If the Orrick Clients or Brocade wish to contest the public filing of the document they must file a motion to that effect within five (5) business days of the initial filing date. If no motion is received, the filing party may file the document publicly within seven (7) business days of the initial filing. If a motion is filed to permit the filing to be made under seal, the filing party may not file the document with the

1  confidential material included therein until the motion is resolved. This procedure shall not
2  affect any Court order or other rule regarding the scheduling for future filings.
3      7.    If a party contends that any material is not entitled to confidential treatment, such
4  party may at any time give written notice to the Orrick Clients. The Orrick Clients, or at their
5  request Brocade, shall have twenty-five (25) days from the receipt of such written notice to apply
6  to the Court for an order designating the material as confidential.
7      8.    Notwithstanding any challenge to the designation of material as Confidential
8  Information, all documents designated as confidential shall be treated as such and shall be
9  subject to the provisions hereof unless and until one of the following occurs:
10     (a)    The Orrick Clients withdraw such designation in writing; or
11     (b)    The Orrick Clients or Brocade fail to apply to the Court for an order
12     designating the material confidential within the time period specified
13     above after receipt of a written challenge to such designation; or
14     (c)    the Court rules the material is not Confidential Information.
15     9.    All provisions of this Order restricting the communication or use of Confidential
16 Information shall continue to be binding after the conclusion of this action, unless otherwise
17 agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential
18 Information, other than that which is contained in pleadings, correspondence and transcripts,
19 shall either (a) return such documents to counsel for the party or non-party who provided such
20 information no later than thirty (30) days after a request by such counsel, or (b) destroy such
21 documents within ninety (90) days following the conclusion of this action and all appeals and
22 certify in writing within thirty (30) days following destruction that the documents have been
23 destroyed.
24     10.    If confidential information is inadvertently produced without marking it as such, it
25 may be disclosed to others until the receiving party becomes aware of the error. As soon as the
26 receiving party becomes aware of the inadvertent production, the information must be treated as
27 though it had been timely designated under this Confidentiality Order, and the receiving party
28

must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons not authorized by Paragraphs 4 herein, as well as any copies made by such persons.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

12. This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

Respectfully submitted,

Dated: February 1, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Amy M. Ross

Attorneys for Third Parties Stephen Beyer, Robert Bossi, Carlino Cecilio, Mark Cochran, Liza Cuevas, Colleen Devine, Marie Lee, Robert Morris, Heidi Rado, Theresa Uchida, Bonnie Adamson-Smith, Grace Ward and June Weaver

Dated: January 1, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

By: /s/ Jack P. DiCanio

Attorneys for Defendant
Gregory L. Reyes

1
2
3
4  **THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.**
5
6
7  Dated: __February 2__, 2007
8
   The Honorable Charles R. Breyer
   United States District Judge

   *[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*
   *[Stamp: IT IS SO ORDERED — Judge Charles R. Breyer]*

## APPENDIX A

### CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated _____ in *Securities and Exchange Commission v. Gregory L. Reyes, Stephanie Jensen and Antonio Canova,* Case No. C 06-04435 CRB (N.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Confidentiality Order.

SIGNATURE: _____

DATED: _____