1  Pamela Phillips (No. 87581)
   Robert T. Cruzen (No. 203658)
2  HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
   A Professional Corporation
3  Three Embarcadero Center, 7th Floor
   San Francisco, CA 94111-4024
4  Telephone: (415) 434-1600
   Facsimile: (415) 217-5910
5  Email: rcruzen@howardrice.com

6  Attorneys for Third Party
   Lawrence W. Sonsini, Esq.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 SECURITIES AND EXCHANGE            )   CASE NO.: C 06-04435 CRB
   COMMISSION,                        )
13                                    )   [PROPOSED] STIPULATED
             Plaintiff,               )   CONFIDENTIALITY ORDER
14                                    )
         v.                           )
15                                    )
   GREGORY L. REYES, STEPHANIE JENSEN )
16 and ANTONIO CANOVA,                )
                                      )
17           Defendants.              )
                                      )
18 _____)

In order to protect the confidentiality of confidential information subpoenaed by defendant Gregory L. Reyes in this case, third party Lawrence W. Sonsini ("Sonsini") and defendant Gregory L. Reyes hereby agree as follows:

1.  Sonsini or, at the request of Sonsini, Brocade Communications Systems, Inc. ("Brocade") may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to a subpoena which it considers in good faith to: (i) contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or California law; or (ii) contain confidential information of a person that is protected by a right of privacy under applicable law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.  Sonsini or, at the request of Sonsini, Brocade may designate information disclosed during a deposition as "confidential" by so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, Sonsini or, at the request of Sonsini, Brocade may designate in writing, within twenty (20) days after receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript be treated as "confidential" information. Any party may object to such proposal, in writing or on the record. Upon such objection, the procedures described in paragraph 7 below shall be followed. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 7 below.

3.  All information produced by third party Sonsini to defendant Gregory L. Reyes in the course of this case (other than information that is publicly available) shall be used solely for the purpose of this case and any related criminal or civil proceedings currently pending.

4.  Except with the prior written consent of Sonsini, or upon prior order of this Court obtained upon notice to Sonsini, anything designated as confidential pursuant to the terms of this Order ("Confidential Information") shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation who have agreed to be bound by the terms of this Order, including defendants' counsel and counsel for the Securities and Exchange Commission;

(b) employees of such counsel;

(c) individual defendants, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection during the pendency or after the termination of the action upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by one of Brocade's competitors or customers, the party shall notify Brocade before disclosing any Confidential Information to that individual and shall give Brocade an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel and court reporters; and

(g) witnesses, at deposition and/or trial, only to the extent necessary to give their testimony. At the request of any party, the portion of the transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

1  6. For applications and motions to the Court on which a party submits Confidential
2  Information, all documents and chamber copies containing Confidential Information which are
3  submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate
4  sealed containers. On the outside of the envelopes, a copy of the first page of the document shall
5  be attached. If Confidential Information is included in the first page attached to the outside of
6  the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be
7  stamped on the envelope and a statement substantially in the following form shall also be printed
8  on the envelope:

> This envelope is sealed pursuant to order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

11  In the event that the Clerk's Office refuses to accept a document filed under seal, the
12  filing party shall, not later than the next business day, file a notice indicating which documents
13  the party attempted to file. The filing party shall also serve a copy of the rejected filing by
14  overnight mail on Brocade. If Brocade wishes to contest the public filing of the document it
15  must file a motion to that effect within five (5) business days of the initial filing date. If no
16  motion is received, the filing party may file the document publicly within seven (7) business
17  days of the initial filing. If a motion is filed to permit the filing to be made under seal, the filing
18  party may not file the document with the confidential material included therein until the motion
19  is resolved. This procedure shall not affect any Court order or other rule regarding the
20  scheduling for future filings.

21  7. If a party contends that any material is not entitled to confidential treatment, such
22  party may at any time give written notice to Sonsini. Sonsini or, at Sonsini's request, Brocade
23  shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for
24  an order designating the material as confidential.

25  8. Notwithstanding any challenge to the designation of material as Confidential
26  Information, all documents designated as confidential shall be treated as such and shall be
27  subject to the provisions hereof unless and until one of the following occurs:
28   (a) Sonsini withdraws such designation in writing; or

1         (b)      Sonsini or Brocade fail to apply to the Court for an order designating the
2  material confidential within the time period specified above after receipt
3  of a written challenge to such designation; or
4         (c)      the Court rules the material is not Confidential Information.

5      9.     All provisions of this Order restricting the communication or use of Confidential
6  Information shall continue to be binding after the conclusion of this action, unless otherwise
7  agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential
8  Information, other than that which is contained in pleadings, correspondence and transcripts,
9  shall either (a) return such documents to counsel for the party or non-party who provided such
10 information no later than thirty (30) days after a request by such counsel, or (b) destroy such
11 documents within ninety (90) days following the conclusion of this action and all appeals and
12 certify in writing within thirty (30) days following destruction that the documents have been
13 destroyed.

14     10.    If confidential information is inadvertently produced without marking it as such, it
15 may be disclosed to others until the receiving party becomes aware of the error. As soon as the
16 receiving party becomes aware of the inadvertent production, the information must be treated as
17 though it had been timely designated under this Confidentiality Order, and the receiving party
18 must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed
19 to persons not authorized by Paragraphs 4 herein, as well as any copies made by such persons.

20     11.    Nothing herein shall be deemed to waive any applicable privilege or work product
21 protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material
22 protected by privilege or work product protection.

12. This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

Respectfully submitted,

Dated: ~~January~~ february 8, 2007

                           HOWARD RICE NEMEROVSKI CANADY
                           FALK & RABKIN
                           Professional Corporation

                           By: _____
                                 Robert Cruzen

                           Attorneys for Third Party
                           Lawrence W. Sonsini, Esq.

Dated: ~~January~~ February 7, 2007

                           SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM LLP
                           300 South Grand, Suite 3400
                           Los Angeles, CA 90071
                           Telephone: (213) 687-5000
                           Facsimile: (213) 687-5600

                           By: _____
                                 Jack DiCanio

                           Attorneys for Defendant
                           Gregory L. Reyes

Provided that all requests to file any material under seal comport with Local Rule 79-5,
**THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.**

Dated: February 12, 2007

                           _____
                           The Honorable Charles R. Breyer
                           United States District Judge

IT IS SO ORDERED
Judge Charles R. Breyer

# APPENDIX A

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated _____ in *Securities and Exchange Commission v. Gregory L. Reyes, Stephanie Jensen and Antonio Canova,* Case No. C 06-04435 CRB (N.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Confidentiality Order.

SIGNATURE: _____

DATED: _____