IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>GREGORY L. REYES, et al.,<br><br>            Defendants.                                    / | No. C 06-04435 CRB<br><br>**ORDER** |

   Plaintiff has filed a motion to compel the production of all materials generated or reviewed by Dr. David Gulley and Dr. Steven Stanton, two expert witnesses whose testimony has been offered in support of Defendant's pending motion for partial summary judgment. On March 30, 2007, this Court entered an order requiring Defendant to disclose some of these materials and to submit other materials for *in camera* review. See Docket No. 211 (redacted); Docket No. 212 (unredacted). This second set of materials relates to the so-called "Grant-Date Probability Project" and the "Money-Left-on-the-Table Project," both of which were conducted by Dr. Gulley in connection with this case.

   Having reviewed the materials, the Court concludes that the materials related to the "Grant-Date Probability Project" are sufficiently related to Dr. Gulley's testimony that their disclosure is required. Plaintiff's motion to compel is therefore GRANTED as to these materials. The Court further concludes, however, that the materials related exclusively to the

1  "Money-Left-on-the-Table Project" are not related to Dr. Gulley's testimony.  Plaintiff's
2  motion to compel is therefore DENIED as to these materials.

3  Defendant argues that none of the documents or materials withheld actually relate to
4  Dr. Gulley's opinion, which is based almost exclusively on an analysis of the various
5  financial statements, disclosures, and restatements issued by Brocade.  The rules of
6  discovery, however, require parties to disclose more than just the materials on which an
7  expert actually relies.  Instead, an expert's proponent must hand over "the data or other
8  information *considered by* the witness in forming the opinions."  Fed. R. Civ. P. 26(a)(2)(B).
9  See also B.C.F. Oil Refining, Inc. v. Consol. Edison Co. of New York, 171 F.R.D. 57, 61-62
10 (S.D.N.Y. 1997) (stating that an expert's proponent need not produce "*documents having no
11 relation* to the expert's role as [witness]" (emphasis added)).

12 This Court cannot conclude that the documents related to the "Grant-Date Probability
13 Project" are unrelated to Dr. Gulley's testimony.  To the contrary, these materials relate
14 directly to the scope of the alleged misrepresentation that he claims had an immaterial effect
15 on the share of Brocade's stock price.  It is at least arguable that the *scope* or *nature* of an
16 alleged misrepresentation is relevant to the question of whether the misrepresentation was
17 *material*.  In his testimony, Dr. Gulley never asserts that misrepresentations about non-cash
18 expenditures such as employee stock options can *never* be material to a reasonable investor.
19 Thus, although it is true that Dr. Gulley's proposed testimony does not assert any view about
20 the actual scope of any misrepresentations that might have occurred, it is also not
21 unreasonable to think that his consideration of that subject could affect his view on how a
22 reasonable investor would have viewed Brocade's alleged non-disclosures.  Dr. Gulley
23 conducted an exhaustive analysis about the potential scope of alleged backdating before
24 offering his testimony on the question of whether investors founds such backdating relevant
25 to their decision about whether to buy or sell shares of stock in the company.  Plaintiff is
26 therefore entitled to review these materials, too, and to ask Dr. Gulley why they did or did
27 not influence his view on the issue of materiality.  United States v. City of Torrance, 163
28 F.R.D. 590, 593 (C.D. Cal. 1995) (noting that the purpose of civil discovery is to allow an

1  adversary "to expose whatever weaknesses, unreliabilities, or biases might infect the
2  opinions of testifying experts called by [an] adverse party," and holding that discovery
3  "should not be limited to documents relied on by the expert in support of his opinions, but
4  should extend to documents considered but rejected by the testifying expert in reaching
5  opinions").

6      The Court therefore holds that Defendant must disclose the following materials: (1) all
7  withheld materials that relate *exclusively* to the "Grant Date Probability Project," (2) all
8  withheld materials that relate *both* to the "Money-Left-on-the-Table Project" *and* the "Grant
9  Date Probability Project," and (3) all redacted materials, but only insofar as they set forth Dr.
10 Gulley's or Navigant's analysis of the "Grant Date Probability Project."  The Court holds
11 that materials relating *exclusively* to the "Money-Left-on-the-Table Project," whether
12 redacted or withheld entirely, are irrelevant to the experts' testimony and are therefore
13 protected by the work-product privilege.  The Court further holds that the material redacted
14 from a document described as a "meeting agenda" (REYES-SEC 00022467-00022468) is
15 irrelevant to the experts' testimony and therefore need not be disclosed.

16     Defendant shall make his production to Plaintiff not later than Thursday, April 12,
17 2007.  Plaintiff's opposition shall be filed not later than Wednesday, April 25, 2007.
18 Defendant's reply shall be filed not later than Friday, May 4, 2007.  Defendant's motion for
19 partial summary judgment shall be heard, as previously scheduled, on Friday, May 11, 2007.
20     **IT IS SO ORDERED.**

23 Dated: April 10, 2007      CHARLES R. BREYER
    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

G:\CRBALL\2006\4435\order7.wpd     3