IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>   v.<br><br>REYES, et al.,<br><br>        Defendants. | No. C 06-04435 CRB<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENAS** |

The SEC has issued subpoenas *duces tecum* to Merrill Lynch and Deutsche Bank, seeking information about accounts owned by Defendant Gregory Reyes. Reyes has moved to quash these two subpoenas on the ground that they are an unwarranted intrusion on his financial privacy. Reyes does not dispute that much of the information sought by the SEC is relevant, but he argues that all information relating to his transactions in Brocade has already been disclosed to the SEC (albeit in the form of redacted materials) and that the SEC's interest in additional, non-Brocade information is outweighed by his privacy interest in his financial history.

Contrary to the SEC's suggestion, the Court concludes that Reyes has standing to challenge the two subpoenas, although they are not directed to him. See United States v. Miller, 425 U.S. 435, 436-37 (1976) (considering a criminal defendant's motion to suppress evidence obtained through the service of a subpoena *duces tecum* on two banks); see also In re Grand Jury Proceedings, 867 F.2d 562, 563 (9th Cir. 1989) (considering a challenge by a

1  defendant on privacy grounds to a grand jury subpoena served on his psychotherapist),
2  overruled on other grounds by, Jaffee v. Redmond, 518 U.S. 1, 7 (1996) (holding that a
3  patient has a right to privacy in his psychotherapist's files).

4        Nonetheless, the Court concludes that the materials targeted by the subpoenas *duces*
5  *tecum* are within the broad bounds of discovery set forth under Rule 26, and that the SEC's
6  interest in them is not outweighed by legitimate concerns for Reyes' privacy. First, as Reyes
7  himself concedes, the materials identified by the subpoenas are relevant to this litigation.
8  Indeed, the thrust of the subpoenas is to obtain information regarding Reyes' own
9  transactions in Brocade. Although Reyes has propounded some discovery of these materials,
10 the SEC notes that such discovery consists of highly redacted information, and the agency
11 justifiably argues that it should not be limited in its discovery requests to the materials as
12 circumscribed by its adversary. Second, there is some indication in the materials already
13 gathered by the SEC that Reyes may interpose as a defense to the timing of his stock options
14 that he was able to "time" the market with great skill. Significantly, the papers indicate that
15 Reyes has suggested his fortuitous timing is not limited to the context of Brocade, but may
16 extend to the market more generally. See Decl. of Robert Leach (Docket No. 317), Ex. 40, at
17 10 (suggesting the timing of the Brocade grants might be due to Reyes' reading of "news
18 events, competitive events, announcements, and in the wake of stock market implosions,"
19 also including Reyes' experience in "trad[ing] options before coming to Brocade"). Such a
20 suggestion justifies further investigation by the SEC, including the examination of the
21 financial records targeted by the subpoenas.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Because the subpoenas *duces tecum* are "reasonably calculated to lead to the discovery of information," Fed. R. Civ. P. 26(b)(1), and because Reyes' admittedly legitimate privacy interests do not outweigh the SEC's interest in obtaining evidence to refute contentions that Reyes himself has raised, the motion to quash the subpoenas is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 11, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE