RICHARD MARMARO (Bar No. 91387)
rmarmaro@skadden.com
JACK P. DICANIO (Bar No. 138782)
jdicanio@skadden.com
RONDA J. MCKAIG (Bar No. 216267)
rmckaig@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Tel: (213) 687-5000
Fax: (213) 687-5600

Attorneys for Defendant Gregory L. Reyes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY L. REYES, STEPHANIE JENSEN and ANTONIO CANOVA<br><br>    Defendants.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL BYRD<br><br>    Defendant. | CASE NO.: C 06-04435 CRB<br><br>[~~PROPOSED~~] STIPULATED CONFIDENTIALITY ORDER |

In order to protect the confidentiality of confidential information subpoenaed by plaintiff Securities and Exchange Commission (the "Commission") in this case, the Commission, defendant Gregory L. Reyes ("Reyes"), defendant Stephanie Jensen ("Jensen"), defendant Antonio Canova ("Canova"), defendant Michael Byrd ("Byrd"), third party Brocade Communications Systems, Inc. ("Brocade"), and the United States Attorney's Office hereby agree as follows:

1.  Reyes may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to a subpoena which he considers in good faith to: (i) contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or California law; or (ii) contain confidential information of a person that is protected by a right of privacy under applicable law.  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.  Reyes may designate information disclosed during a deposition as "confidential" by so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, Reyes may designate in writing, within twenty (20) days after receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript be treated as "confidential" information.  Any party may object to such proposal, in writing or on the record.  Upon such objection, the procedures described in paragraph 7 below shall be followed.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 7 below.

3.  All information produced by Reyes to the Commission, Jensen, Canova or Byrd in the course of this case (other than information that is publicly available) shall be used solely for the purpose of this case and any related criminal or civil proceedings currently pending ("the Litigation").

1   4.   Except with the prior written consent of Reyes, or upon prior order of this Court
2   obtained upon notice to Reyes, anything designated as confidential pursuant to the terms of this
3   Order ("Confidential Information") shall not be disclosed to any person other than:
4      (a)   counsel for the respective parties to this litigation who have agreed to be
5      bound by the terms of this Order;
6      (b)   employees of such counsel;
7      (c)   individual defendants, to the extent deemed necessary by counsel for the
8      prosecution or defense of the Litigation;
9      (d)   consultants or expert witnesses retained for the prosecution or defense of
10     the Litigation, provided that each such person shall execute a copy of the
11     Certification annexed to this Order (which shall be retained by counsel to
12     the party so disclosing the Confidential Information and made available
13     for inspection during the pendency or after the termination of the action
14     upon good cause shown and upon order of the Court) before being shown
15     or given any Confidential Information; and provided that if the party
16     chooses a consultant or expert employed by one of Brocade's competitors
17     or customers, the party shall notify Reyes and Brocade before disclosing
18     any Confidential Information to that individual and shall give Reyes and
19     Brocade an opportunity to move for a protective order preventing or
20     limiting such disclosure; Brocade and Reyes agree to keep the identity of
21     the consultant or expert witness confidential;
22     (e)   any authors or recipients of the Confidential Information;
23     (f)   the Court, Court personnel, court reporters, and jurors (subject to
24     subdivision (h) below); and
25     (g)   witnesses, at deposition and/or trial, only to the extent necessary to give
26     their testimony.  At the request of any party, the portion of the transcript
27     involving the Confidential Information shall be designated "Confidential"
28     pursuant to paragraph 2 above.  Witnesses shown Confidential

1                 Information shall not be allowed to retain copies.

2        (h)    following review and approval by counsel for Reyes, individuals present in the public courtroom during a trial conducted as part of the Litigation, through the display of such information on a monitor, screen, or other audio-visual equipment, if admitted as an exhibit at trial.

6     5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein, or as otherwise required by law.

9     6.    For all requests to file under seal any Confidential Information protected under this Order, the parties to this Order shall comply with N.D. Cal. Civil Local Rule 79-5, and in particular subsection (d) of that rule.  In the event the Court denies a request to file under seal any Confidential Information protected under this Order, then the filing party shall, not later than the next business day, provide Reyes and Brocade with written notice identifying which information and/or documents the party attempted to file.  Reyes and Brocade may then object to the public filing of the Confidential Information within the three-day period provided for under Local Rule 79-5(e).  This procedure shall not affect any Court order or scheduling provisions in Local Rule 79-5.

18     7.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to Reyes.  Reyes shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.

22     8.    Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as confidential shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

       (a)    Reyes withdraws such designation in writing; or

       (b)    Reyes fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER, CASE NO. C 06-04435 CRB     -3-

    (c) the Court rules the material is not Confidential Information.

  9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the Litigation, the producing party may request that any signatory to this agreement, other than the Commission, that has Confidential Information, other than information contained in pleadings, correspondence and transcripts, shall either (a) return such documents to counsel for the producing party no later than thirty (30) days after a request by such counsel, or (b) destroy such documents within ninety (90) days following the conclusion of this action and all appeals and certify in writing within thirty (30) days following destruction that the documents have been destroyed. The receiving party shall elect to either return or destroy the documents. If requested to return Confidential Information at the conclusion of the Litigation, the Commission agrees to do so to the extent permitted by law and regulation.

  10. If confidential information is inadvertently produced without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as though it had been timely designated under this Confidentiality Order, and the receiving party must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons not authorized by Paragraph 4 herein, as well as any copies made by such persons.

  11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

  12. This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

///
///
///
///
///

Respectfully submitted,

Dated: October 23, 2007                SECURITIES & EXCHANGE COMMISSION

                                       By:  /s/ Susan Fleischmann
                                            Susan Fleischmann

                                       Attorneys for Plaintiff
                                       Securities & Exchange Commission


Dated: October 23, 2007                SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM LLP

                                       By:  /s/ Jack DiCanio
                                            Jack DiCanio

                                       Attorneys for Defendant
                                       Gregory L. Reyes


Dated: October 23, 2007                KEKER & VAN NEST LLP

                                       By:  /s/ Laurie Mims
                                            Laurie Mims

                                       Attorneys for Defendant
                                       Stephanie Jensen


Dated: October 23, 2007                HELLER EHRMAN WHITE & McAULIFFE
                                       LLP

                                       By  /s/ Alexander Lyon
                                           Alexander Lyon

                                       Attorneys for Defendant
                                       Antonio Canova

---

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER, CASE NO. C 06-04435 CRB                -5-

Dated:  October 23, 2007              QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES LLP


                                      By:   /s/ Patrick Doolittle
                                            Patrick Doolittle

                                      Attorneys for Defendant
                                      Michael Byrd


Dated:  October 23, 2007              UNITED STATES ATTORNEY'S OFFICE


                                      By:   /s/ Tim Crudo
                                            Tim Crudo

                                      Attorneys for the United States of America


Dated:  October 23, 2007              WILSON SONSINI GOODRICH & ROSATI
                                      LLP


                                      By:   /s/ Caz Hashemi
                                            Caz Hashemi

                                      Attorneys for Third Party
                                      Brocade Communications Systems, Inc.


### [PROPOSED] ORDER

For good cause shown, provided that all requests to file any material under seal comport with Local Rule 79-5, **THE FOREGOING STIPULATION IS APPROVED.**

**IT IS SO ORDERED.**

Dated:  October 24, 2007

_____
The Honorable Charles R. Breyer
United States District Judge

*IT IS SO ORDERED* — Judge Charles R. Breyer

**APPENDIX A**

<u>CERTIFICATION</u>

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated _____ in *Securities and Exchange Commission v. Gregory L. Reyes, Stephanie Jensen, Antonio Canova,* Case No. C 06-04435 CRB (N.D. Cal.) and *Securities and Exchange Commission v. Michael Byrd,* Case No. C 06-04435 CRB (N.D. Cal.).  I have been given a copy of that Order and read it.  I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Confidentiality Order.

SIGNATURE: _____

DATED: _____