QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John M. Potter(Bar No. 165843)
johnpotter@quinnemanuel.com
Patrick C. Doolittle (Bar No. 203659)
patrickdoolittle@quinnemanuel.com
Josh Cohen (Bar No. 217853)
joshcohen@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant
MICHAEL J. BYRD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. BYRD,<br><br>Defendant. | CASE NO. C-06-4435 CRB<br><br>**MICHAEL BYRD'S ANSWER TO COMPLAINT OF SECURITIES AND EXCHANGE COMMISSION**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Michael J. Byrd ("Mr. Byrd") hereby submits his answer, including affirmative defenses, as to the Complaint for the alleged violations of certain securities laws and regulations of the Securities and Exchange Commission ("Plaintiff", or "the Commission").

1. Mr. Byrd admits that Brocade Communications Systems, Inc. ("Brocade" or "the Company"), is a San Jose computer storage networking company, admits that a jury has convicted Brocade's former CEO, Gregory Reyes of engaging in a fraudulent scheme to backdate stock options to give employees and recruits "in the money" options, admits that juries have convicted Mr. Reyes and Ms. Jensen of falsifying paperwork related to the grants to make it look as if the

employees had been hired and employed by Brocade before the time they actually started with the Company, so that those employees could receive options that were backdated to a date in the past when Brocade's stock price was lower. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 1 of the Complaint.

2. Mr. Byrd admits that he is the former CFO of Brocade and admits he was hired by Mr. Reyes in 1999 shortly before the Company went public, but denies that he was hired in May 1999. Mr. Byrd admits that in his capacity as CFO, he had some responsibility for preparing and reviewing Brocade's annual and quarterly financial statements, and that those financial statements included, among many other things, a description of Brocade's accounting for stock options. Mr. Byrd admits he was promoted to Chief Operating and Officer and President of Brocade in 2001, and admits he maintained those positions until he left Brocade in 2003, but denies that the promotion occurred in May 2001. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 2 of the Complaint.

3. Mr. Byrd denies the allegations of paragraph 3 of the Complaint.

4. Mr. Byrd denies the allegations of paragraph 4 of the Complaint.

5. Mr. Byrd admits that the Commission purports to bring this action and alleges the Court has jurisdiction pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77t(b) and 77v(a), and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d) (3) (A) , 78u(e), and 78aa. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 5 of the Complaint.

6. Mr. Byrd admits that, based upon the allegations set forth in the Complaint, venue is proper in this district pursuant to Section 22(a) of the Securities Act and Section 27 of the Exchange Act. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 6 of the Complaint.

7. Mr. Byrd admits that, based upon the allegations set forth in the Complaint, assignment to the San Francisco Division is appropriate. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 7 of the Complaint.

8. Mr. Byrd admits that he lives in Saratoga, California. Mr. Byrd further admits that he is a licensed CPA in California on inactive status. Mr. Byrd further admits that he served as the CFO of Brocade and, later, as the COO and President of Brocade. Mr. Byrd further admits that before joining Brocade, he served as CFO of Maxim Integrated Products, Inc. Mr. Byrd further admits that, from 1982-1994, he held various positions, including partner, at an entity now known as Ernst & Young. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 8 of the Complaint.

9. Mr. Byrd admits that Brocade is a Delaware corporation based in San Jose, California that develops and sells storage networking products. Mr. Byrd further admits that Gregory L. Reyes was, during some period or periods of time, Brocade's CEO, a member of its board of directors, and chairman of its board of directors. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint and, accordingly, denies these allegations of the Complaint.

10. Answering the first sentence of paragraph 10 of the Complaint, Mr. Byrd admits that Brocade became a public company in May 1999, but avers that the terms "quickly" and "substantial" and the phrase "size of its operations" are vague and ambiguous and, on that basis, Mr. Byrd denies the allegation containing them. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint and, accordingly, denies these allegations of the Complaint.

11. Mr. Byrd denies the allegations set forth in the first sentence of paragraph 11 and admits the allegations set forth in the second sentence of paragraph 11. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint and, accordingly, denies these allegations of the Complaint.

12. Answering the allegations set forth in the first and second sentences of paragraph 12 of the Complaint, Mr. Byrd admits that there were generally accepted accounting principles in effect at all relevant times, and rather than respond as to the contents of such principles, Mr. Byrd

Reyes respectfully refers Plaintiff and the Court to the principles themselves. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 12 of the Complaint.

13. With respect to the time period during which he was employed by Brocade, Mr. Byrd admits the allegations set forth in the first sentence of paragraph 13. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint and, accordingly, denies these allegations of the Complaint.

14. Paragraph 14 of the Complaint purports to recite statements in Brocade's financial statements, including financial statements in 10-Ks for Brocade's fiscal years 2000, 2001, and 2002, which filings speak for themselves and for which no answer is required.

15. Mr. Byrd admits that he is aware that former CEO Reyes and former Vice President of Human Relations Stephanie Jensen have been convicted of crimes relating to their activities with respect to the granting of Brocade stock options. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint and, accordingly, denies these allegations of the Complaint.

16. Mr. Byrd denies the allegations set forth in paragraph 16 of the Complaint.

17. Mr. Byrd admits he joined Brocade as CFO in 1999, but denies he joined in May 1999. Mr. Byrd admits that he was not routinely involved in the preparation or review of options grant lists. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 17 of the Complaint.

18. The first two sentences of paragraph 18 purport to recite and characterize the contents of writings, which documents speak for themselves and for which no answer is required. To the extent the allegations set forth in the first two sentences of paragraph 18 do require an answer, Mr. Byrd denies such allegations. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first clause of the third sentence of paragraph 18 of the Complaint and, accordingly, denies this allegation in the Complaint. Mr. Byrd denies the remaining allegations in paragraph 18 of the Complaint.

19. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 of the Complaint and, accordingly, denies this allegation in the Complaint. The second sentence of paragraph 19 purports to recite and characterize the contents of writings, which documents speak for themselves and for which no answer is required. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 19 of the Complaint.

20. Portions of the first and last sentences of paragraph 20 of the Complaint purport to recite, summarize and/or quote writings, which documents speak for themselves and for which no answer is required. Mr. Byrd denies the remaining allegations in paragraph 20 of the Complaint.

21. Answering the first clause of the first sentence of paragraph 21 of the Complaint, Mr. Byrd admits that, during the time he was employed there, Brocade employed some of its employees on a part-time basis. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations of the remainder of the first sentence of paragraph 21 of the Complaint, and accordingly, denies such allegations. Mr. Byrd denies the remaining allegations in paragraph 21 of the Complaint.

22. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 of the Complaint and, accordingly, denies these allegation in the Complaint. The second sentence of paragraph 22 purports to recite and characterize the contents of an email, which document speaks for itself and for which no answer is required. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 22 of the Complaint and the first clause of the fourth sentence of paragraph 22 of the Complaint and, accordingly, denies these allegations in the Complaint. The second clause of the fourth sentence of paragraph 22 of the Complaint purports to quote an email, which document speaks for itself and for which no answer is required.

23. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, accordingly, denies the allegations set forth in paragraph 23 of the Complaint.

24. The allegations set forth in the third sentence of paragraph 24 of the Complaint purport to recite and characterize a writing, which document speaks for itself and for which no answer is required. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations set forth in paragraph 24 of the Complaint, and accordingly, denies such allegations.

25. The first and second sentences of paragraph 25 of the Complaint purports to recite and characterize and/or quote an email, which document speaks for itself and for which no answer is required. The quoted portions of the third sentence of paragraph 25 of the Complaint purports to quote an email, which document speaks for itself and for which no answer is required. Mr. Byrd denies the remaining allegations in paragraph 25 of the Complaint, except those portions of paragraph 25 that contain arguments and legal conclusions and do not set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a), and to which no response is therefore required.

26. Mr. Byrd admits he and Brocade began recruiting Richard Geruson in late 2001 after Mr. Byrd had become COO, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 26 of the Complaint and, accordingly, denies such allegations. Mr. Byrd admits that he was not successful in convincing Mr. Geruson to accept employment with Brocade as its chief marketing officer, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 26 of the Complaint and, accordingly, denies such allegations. Answering the third sentence of paragraph 26 of the Complaint, Mr. Byrd admits that Geruson began interviewing with Mr. Byrd for a different position in late 2001, but denies the remaining allegations in the third sentence of paragraph 26 of the Complaint. Mr. Byrd denies the allegations set forth in the fourth sentence of paragraph 26 of the Complaint. The last sentence of paragraph 26 of the Complaint purports to recite and characterize an email, which document speaks for itself and for which no answer is required. Except as expressly admitted, Mr. Byrd denies the allegations of paragraph 26 of the Complaint.

27. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, accordingly, denies the allegations set forth in paragraph 27 of the Complaint.

28. The first, second, and third sentences purport to recite and summarize writings, which documents speak for themselves and for which no answer is required. Mr. Byrd denies the remaining allegations in paragraph 28 of the Complaint, including those portions of the first, second, and third sentences of paragraph 28 of the Complaint that do not solely recite and summarize writings.

29. Answering the first sentence of paragraph 29 of the Complaint, Mr. Byrd admits that he interviewed Daniel Cudgma for a position as a sales director at Brocade, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in that sentence concerning when the interview occurred and, accordingly, denies such allegations. Mr. Byrd denies the allegations of the second sentence of paragraph 29 of the Complaint. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 29 of the Complaint regarding when Mr. Reyes allegedly met with Mr. Cudgma and, accordingly, denies such allegations. The remainder of the allegations in the third sentence of paragraph 29 of the Complaint purport to recite and characterize the contents of writings, which documents speak for themselves and for which no answer is required. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 29 of the Complaint and, accordingly, denies such allegations.

30. Mr. Byrd denies the allegations set forth in the first sentence of paragraph 30 of the Complaint. Mr. Byrd is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 30 of the Complaint, and accordingly, denies such allegations.

31. Mr. Byrd admits that Brocade granted to Byrd options to purchase 800,000 shares of Brocade stock, with an exercise price of $20.70, on April 17, 2001. Except as expressly admitted, Mr. Byrd denies the allegations in paragraph 31 of the Complaint.

32. Mr. Byrd denies the allegations in paragraph 32 of the Complaint.

33. Mr. Byrd admits that, as Brocade's CFO, he reviewed financial statements and made representations to Brocade's outside auditors about the accuracy of those financial statements. Except as expressly admitted, Mr. Byrd denies the allegations in paragraph 33 of the Complaint.

34. Mr. Byrd admits the allegations set forth in the first sentence of paragraph 34 of the Complaint. Except as expressly admitted, Mr. Byrd denies the allegations set forth in paragraph 34 of the Complaint.

35. Mr. Byrd denies the allegations set forth in paragraph 35 of the Complaint.

36. Mr. Byrd denies the allegations set forth in paragraph 36 of the Complaint.

**FIRST CLAIM FOR RELIEF**

**Violations of Section 17(a) of the Securities Act**

37. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

38. Paragraph 38 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 38 of the Complaint.

39. Paragraph 39 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 39 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

40. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

41. Paragraph 41 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 41 of the Complaint.

42. Paragraph 42 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 42 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**Violations of Section 13(b)(5) of the Exchange Act and Rule 13b2-1 Thereunder**

43. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

44. Paragraph 44 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 44 of the Complaint.

45. Paragraph 45 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 45 of the Complaint.

46. Paragraph 46 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 46 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

**Violations of Exchange Act Rule 13b2-2**

47. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

48. Paragraph 48 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 48 of the Complaint.

49. Paragraph 49 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 49 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**Aiding and Abetting Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 Thereunder**

50. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

51. Paragraph 51 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 51 of the Complaint.

52. Paragraph 52 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 52 of the Complaint.

53. Paragraph 53 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 53 of the Complaint.

**SIXTH CLAIM FOR RELIEF**

**Aiding and Abetting Violations of Section 13(b)(2)(A) of the Exchange Act**

54. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

55. Paragraph 55 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 55 of the Complaint.

56. Paragraph 56 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 56 of the Complaint.

57. Paragraph 57 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 57 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**

**Aiding and Abetting Violations of Section 13(b)(2)(B) of the Exchange Act**

58. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

59. Paragraph 59 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 59 of the Complaint.

60. Paragraph 60 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 60 of the Complaint.

61 Paragraph 61 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 61 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**

**Violations of Section 16(a) of the Exchange Act and Rule 16a-3 Thereunder**

62. Mr. Byrd incorporates by reference his answers to paragraphs 1 through 36 above. To the extent it is deemed that any allegation set forth in the Complaint has not been addressed above, Mr. Byrd denies the allegation.

63. Paragraph 63 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 63 of the Complaint.

64. Paragraph 64 states legal conclusions as to which no response is required. To the extent a response is required, Mr. Byrd denies the allegations set forth in paragraph 64 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Mr. Byrd denies that plaintiff is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint. To the extent plaintiff's prayer for relief states legal conclusions, no response is required.

**AFFIRMATIVE DEFENSES**

Mr. Byrd asserts the following affirmative defenses to the allegations and claims set forth in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the statute of limitations, including the statute of limitations provided by 28 U.S.C. § 2462.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff's prayer and/or claims for civil penalties are barred by the statute of limitations, including the statute of limitations provided by 28 U.S.C. § 2462.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's prayer and/or claims for other and further relief as the Court may determine to be just and necessary are barred by the statute of limitations, including the statute of limitations provided by 28 U.S.C. § 2462.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint and each claim alleged therein fails to state a claim upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Plaintiff failed to plead the underlying facts with sufficient particularity.

**SIXTH AFFIRMATIVE DEFENSE**

Mr. Byrd relied in good faith upon the professional judgments and opinions of Brocade's legal professionals (including, but not limited to, Brocade's general counsel and internal legal staff, as well as outside lawyers at Wilson, Sonsini, Goodrich & Rosati) as to matters which he reasonably believed to be within such persons' professional or expert competence.

**SEVENTH AFFIRMATIVE DEFENSE**

Mr. Byrd relied in good faith upon the professional judgments and opinions of Brocade's accounting professionals and staff as well as Brocade's outside auditors.

**EIGHTH AFFIRMATIVE DEFENSE**

All harm, if any, resulted from the acts or omissions of third parties over whom Mr. Byrd had no control. The acts of such third parties constitute intervening or superseding causes of any alleged violations of the securities laws.

Mr. Byrd has insufficient knowledge or information upon which to form a belief as to whether he may have additional yet unstated affirmative defenses. Mr. Byrd reserves the right to assert additional affirmative defenses in the event further discovery indicates that additional affirmative defenses are appropriate.

By alleging the matters set forth in these defenses, Mr. Byrd does not allege or admit that he has the burden of proof and/or persuasion with respect to any such defense.

//

//

//

**WHEREFORE**, Mr. Byrd requests judgment as follows:

1. Dismiss the Complaint with prejudice;

2. Enter judgment in favor of Mr. Byrd and against the SEC on all alleged claims for relief; and award Mr. Byrd any further relief that the Court determines to be just and appropriate.

DATED: March 12, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Patrick Doolittle
Patrick C. Doolittle
Attorneys for Michael J. Byrd

//
//
//

**DEMAND FOR JURY TRIAL**

Mr. Byrd demands a jury trial on all issues triable to a jury in this matter.

DATED: March 12, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Patrick Doolittle
Patrick C. Doolittle
Attorneys for Michael J. Byrd