MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN LAMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
  leachr@sec.gov
SUSAN FLEISCHMANN (Cal. Bar No. 207194)
  fleischmanns@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. C-06-4435 CRB |
| Plaintiff, | |
| v. | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT STEPHANIE JENSEN |
| GREGORY L. REYES, ANTONIO CANOVA, and STEPHANIE JENSEN, | |
| Defendants. | |

Plaintiff United States Securities and Exchange Commission ("Commission") having filed its

complaint in this action, and Defendant Stephanie Jensen, having entered an appearance in this case, and

having submitted the Consent of Stephanie Jensen to Final Judgment ("Consent"), in which she has

admitted the jurisdiction of this Court over her and over the subject matter of this action; consented to the

entry of this Final Judgment without admitting or denying any of the allegations in the complaint except

as to jurisdiction; waived findings of fact and conclusions of law; and waived any right to an appeal from

this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Jensen and her agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen and her agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen and her agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen and her agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act, 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

### V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen and her agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting an officer or director from violating Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, by making or causing to be made a materially false or misleading statement, or by omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (A) any audit or examination of the financial statements of an issuer required to be

1    made pursuant to the federal securities laws or (B) the preparation or filing of any document or report

2    required to be filed with the Commission pursuant to the federal securities laws or otherwise.

3                                                              VI.

4           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen and her agents,

5    servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of

6    them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

7    them, are permanently enjoined and restrained from aiding and abetting any violation of Section

8    13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13, 17 C.F.R. §§

9    240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing substantial assistance to an issuer

10   which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. §

11   78*l*, or Section 15(d) of the Exchange Act,  15 U.S.C. § 78*o*(d), in failing to file with the Commission

12   such accurate and complete information, reports, and documents as are required to be filed with the

13   Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the

14   Commission's Rules, including annual reports on Form 10-K and quarterly reports on Form 10-Q.

15                                                            VII.

16          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen and her agents,

17   servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of

18   them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

19   them, are permanently enjoined and restrained from aiding and abetting any violation of Section

20   13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial

21   assistance to any issuer which has a class of securities registered pursuant to Section 12 of the

22   Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d), in failing

23   to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect

24   the transactions and dispositions of the assets of the issuer.

25                                                            VIII.

26          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen and her agents,

27   servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of

28   them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

1  them, are permanently enjoined and restrained from aiding and abetting any violation of Section

2  13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial

3  assistance to any issuer which has a class of securities registered pursuant to Section 12 of the

4  Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d), in failing

5  to devise and maintain a system of internal accounting controls sufficient to provide reasonable

6  assurance that transactions are recorded as necessary to permit preparation of financial statements in

7  conformity with generally accepted accounting principles or other applicable criteria, and to maintain

8  accountability for assets.

9  IX.

10      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jensen is liable for

11  disgorgement of $38,056, plus prejudgment interest thereon in the amount of $6,361, for a total amount

12  of $44,416.  Jensen shall satisfy this obligation by paying $44,416 within ten (10) business days after

13  entry of this Final Judgment by certified check, bank cashier's check, or United States postal money

14  order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed

15  to the Office of Financial Management, Securities and Exchange Commission, Operations Center,

16  6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

17  letter identifying Stephanie Jensen as a defendant in this action; setting forth the title and civil action

18  number of this action and the name of this Court; and specifying that payment is made pursuant to

19  this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant

20  to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this Final Judgment to the

21  United States Treasury.

22  X.

23      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is

24  incorporated herein with the same force and effect as if fully set forth herein, and that Jensen shall

25  comply with all of the undertakings and agreements set forth therein.

26  XI.

27      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain

28  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

1                           XII.

2      There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

3 Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

4

5

6

7

8

9 Dated:   April 3, 2009

10                          Charles R. Breyer
                         UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED

Judge Charles R. Breyer

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPROVED AS TO FORM:

/s/ _____
Jan Nielsen Little, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111-1704
(415) 391-5400
Attorney for Defendant Stephanie Jensen

SUBMITTED BY:

/s/ _____
Susan F. LaMarca
Securities and Exchange Commission
44 Montgomery Street, Suite 2600
San Francisco, California 94104
(415) 705-2500
Attorney for Plaintiff Securities and Exchange Commission