1 MARC J. FAGEL (Cal. Bar No. 154425)
  SUSAN LAMARCA (Cal. Bar No. 215231)
2   lamarcas@sec.gov
  ROBERT S. LEACH (Cal. Bar No. 196191)
3   leachr@sec.gov
  SUSAN FLEISCHMANN (Cal. Bar No. 207194)
4   fleischmanns@sec.gov

5 Attorneys for Plaintiff
  SECURITIES AND EXCHANGE COMMISSION
6 44 Montgomery Street, Suite 2600
  San Francisco, California 94104
7 Telephone:  (415) 705-2500

8

9

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

| 14 | SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. C-06-4435 CRB |
|---|---|---|
| 15 | Plaintiff, | |
| 16 | v. | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ANTONIO CANOVA |
| 17 | GREGORY L. REYES, ANTONIO CANOVA, and STEPHANIE JENSEN, | |
| 18 | Defendants. | |
| 19 | | |

20

21        Plaintiff United States Securities and Exchange Commission ("Commission") having filed its

22 complaint in this action, and Defendant Antonio Canova, having entered an appearance in this case, and

23 having submitted the Consent of Antonio Canova to Final Judgment ("Consent"), in which he has

24 admitted the jurisdiction of this Court over him and over the subject matter of this action; consented to

25 the entry of this Final Judgment without admitting or denying any of the allegations in the complaint

26 except as to jurisdiction; waived findings of fact and conclusions of law; and waived any right to an

27 appeal from this Final Judgment:

28

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Canova and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(2) & (3), by:

(i)      obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(ii)     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Canova and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Canova and his agents, servants, employees and attorneys-in-fact, and all persons acting in concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1

1    under the Exchange Act, 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book,

2    record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

3                                    IV.

4         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Canova and his agents,

5    servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

6    of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each

7    of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-2

8    of the Exchange Act, 17 C.F.R.  §240.13b2-2, by making or causing to be made a materially false or

9    misleading statement, or by omitting to state or causing another person to omit to state, any material

10    fact necessary in order to make statements made, in light of the circumstances under which such

11    statements were made, not misleading, to an accountant in connection with (A) any audit or

12    examination of the financial statements of an issuer required to be made pursuant to the federal

13    securities laws or (B) the preparation or filing of any document or report required to be filed with the

14    Commission pursuant to the federal securities laws or otherwise.

15                                      V.

16         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Canova and his agents,

17    servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

18    of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

19    of them, are permanently enjoined and restrained from aiding and abetting any violation of Section

20    13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13, 17 C.F.R. §§

21    240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing substantial assistance to an issuer

22    which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. §

23    78*l*, or Section 15(d) of the Exchange Act,  15 U.S.C. § 78*o*, in failing to file with the Commission

24    such accurate and complete information, reports, and documents as are required to be filed with the

25    Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the

26    Commission's Rules, including annual reports on Form 10-K and quarterly reports on Form 10-Q.

27

28

VI.

1

2      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Canova and his agents,

3 servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

4 of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

5 of them, are permanently enjoined and restrained from violating Rule 13a-14 of the Exchange Act, 17

6 C.F.R. § 240.13a-14, as a principal executive or principal financial officer of an issuer, or as a person

7 performing similar functions, falsely certifying any report filed under 15 U.S.C. § 78m(a) (other than

8 a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F

9 under 17 C.F.R. § 240.13a-19), including reports filed on Forms 10-Q, Forms 10-QSB, Forms 10-K,

10 or Forms 10-KSB.

VII.

11

12      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Canova and his agents,

13 servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

14 of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

15 of them, are permanently enjoined and restrained from aiding and abetting any violation of Section

16 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial

17 assistance to any issuer which has a class of securities registered pursuant to Section 12 of the

18 Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to

19 make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the

20 transactions and dispositions of the assets of the issuer.

VIII.

21

22      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Canova and his agents,

23 servants, employees and attorneys-in-fact, and all persons in active concert or participation with any

24 of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each

25 of them, are permanently enjoined and restrained from aiding and abetting any violation of Section

26 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial

27 assistance to any issuer which has a class of securities registered pursuant to Section 12 of the

28 Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to

1  devise and maintain a system of internal accounting controls sufficient to provide reasonable

2  assurance that transactions are recorded as necessary to permit preparation of financial statements in

3  conformity with generally accepted accounting principles or other applicable criteria, and to maintain

4  accountability for assets.

5                                                    IX.

6         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Canova is liable for

7  disgorgement of $219,216, plus prejudgment interest thereon in the amount of $30,135, for a total

8  amount of $249,351.

9                                                    X.

10        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Canova shall pay a civil

11 penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act and Section

12 21(d)(3) of the Exchange Act, 15 U.S.C. §§ 77t(d) & 78u(d)(3).  Defendant shall satisfy this

13 obligation, and his obligation to pay disgorgement plus prejudgment interest in paragraph IX., above,

14 by paying a total of $369,351 within ten (10) business days after entry of this Final Judgment by

15 certified check, bank cashier's check, or United States postal money order payable to the Securities

16 and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial

17 Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way,

18 Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Antonio

19 Canova as a defendant in this action; setting forth the title and civil action number of this action and

20 the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

21 Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

22 The Commission shall remit the funds paid pursuant to this Final Judgment to the United States

23 Treasury.

24                                                   XI.

25        Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

26 penalties paid to the government for all purposes, including all tax purposes.  To preserve the

27 deterrent effect of the civil penalty, Canova shall not, after offset or reduction of any award of

28 compensatory damages in any Related Investor Action based on Canova's payment of disgorgement

1   in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such

2   compensatory damages award by the amount of any part of Canova's payment of a civil penalty in

3   this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty

4   Offset, Canova shall, within 30 days after entry of a final order granting the Penalty Offset, notify the

5   Commission's counsel in this action and pay the amount of the Penalty Offset to the United States

6   Treasury.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to

7   change the amount of the civil penalty imposed in this Judgment.

8                                                                XII.

9            IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

10  incorporated herein with the same force and effect as if fully set forth herein, and that Canova shall

11  comply with all of the undertakings and agreements set forth therein.

12                                                               XIII.

13           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

14  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

15                                                               XIV.

16           There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

17  Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

18

19

20

21

22  Dated:   April 3, 2009                                      _____

23                                                              Charles R. Breyer
                                                                UNITED STATES DISTRICT JUDGE
24

25                                                              IT IS SO ORDERED

26

27                                                              Judge Charles R. Breyer

28

1   APPROVED AS TO FORM:

2

3

4   _____/s/_____

5   Norman J. Blears
    Hogan & Hartson LLP
6   525 University Avenue, Second Floor
    Palo Alto, California  94301
7   (650) 463-4000
    Counsel for Defendant Antonio Canova
8

9   SUBMITTED BY:

10

11

12  _____/s/_____
    Susan F. LaMarca
13  Securities and Exchange Commission
    44 Montgomery Street, Suite 2600
14  San Francisco, California 94104
    (415) 705-2500
15  Counsel for Plaintiff Securities and Exchange Commission

16

17

18

19

20

21

22

23

24

25

26

27

28